Judge Burke,
in the majority opinion, stated that a writ of error coram nobis may not be invoked to show an error of law apparent on the face of the record. The defendant’s claim was reviewable upon an appeal from the judgment of conviction. "Where the alleged error is evident and does not affect the validity of the judgment of conviction, but only the validity of the sentence, coram nobis does not lie. Judge Burke further stated that to allow relief to the defendant by way of coram nobis, would be to disregard the purpose of the historic writ. It is an emergency measure enabling a defendant to void the effects of a conviction — when all other avenues of judicial relief are closed to him. The court further stated that coram nobis may not be utilized as an alternative remedy to appeal, motion in arrest of judgment, motion to withdraw plea, or habeas corpus. (People *105 v. Kendricks, 300 N. Y. 544; People v. Gersewitz, 294 N. Y. 163, 167; Paterno v. Lyons, 334 U. S. 314; People ex rel. Wachowicz v. Martin, 293 N. Y. 361.)