Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment, dated April 8, 1957, convicting the defendant, on his own plea of guilty, of the crime of robbery in the second degree and sentencing him to the Elmira Reformatory. The defendant claims, (1) that he was unlawfully arrested because the arresting officer was without warrant; (2) that there was an unreasonable delay in his arraignment before a Magistrate; (3) that the court had erroneously received and considered evidence which was used as a basis for the sentence imposed; (4) that at sentence, section 480 of the Code of Criminal Procedure was not complied with in that he was not asked if he had any legal cause to show why judgment should not be pronounced against him. None of the aforesaid are grounds for relief by way of coram nobis (People v. Sullivan, 3 N Y 2d 196).
His eonelusory charges that ‘ ‘ the plea of guilty was illegally entered, and was obtained as a result of fear and intimidation, produced by the use of fraud, coercion, threats and misrepresentations,” are wholly unsupported by proof. Therefore, no hearing need be held (People v. White, 309 N. Y. 636). The application is, therefore, in all respects denied. Let the District Attorney submit an order to that effect and serve a copy of it, when signed, on the defendant together with notice of entry thereof, by mail, at the institution where he is presently confined.