John J. Walsh, J.
Petitioner was indicted by the Grand Jury of Oneida County on a charge of arson in the second degree. The said indictment was returned to the Supreme Court on February 28, 1958 and, thereafter, transferred by order of said court to the Oneida County Court for trial.
He was duly arraigned on March 3, 1958 and appearing by his own attorney, Harold Massey, Esq., with William J. Powers, Esq., of counsel, pleaded not guilty. Thereafter, and prior to trial, petitioner moved for permission to inspect the Grand Jury minutes. This motion was denied by the then Oneida County Judge, Honorable Ezra Hanagan with a memorandum in which the Judge noted that he had examined the minutes of the Grand Jury and found them to be sufficient to sustain the indictment.
On April 21, 1958 a jury was duly impanelled and the trial began on April 22 and continued on April 23 on which day during the course of the prosecution’s case, defendant pleaded guilty to attempted grand larceny second degree; waived *460 the two-day waiting period, stated there was no legal reason why sentence could not be pronounced and was sentenced to a term of from four to eight years at Attica, where he is now imprisoned.
On November 10, 1958 petitioner filed a petition for a writ of error coram nobis in which he sought to vacate the judgment of conviction on the ground that he had been convicted on a “ trumped up charge ” and was “ framed ” and that the indictment resulted from a statement which he had not read because he did not have his glasses and that the court received illegal evidence.
On December 18, 1958 the then Oneida County Judge denied the petition with a memorandum. After the order denying the petition was filed, petitioner then filed on January 5, 1959 a notice of appeal to the Appellate Division. What action if any, was taken on this appeal is not known at the present time.
The instant petition was filed on September 8, 1959 and is in many respects similar to the petition denied in 1958. Again, petitioner alleges that he was arrested on a “ trumped up charge ” and was indicted by reason of a false statement he did not make and could not read.
On these grounds, it is clear that the prior decision of this court is res judicata and where the stated basis for relief on this second application is in all material respects substantially and essentially the same as in the motion previously denied, this application may be denied without a hearing. (People v. Sullivan, 4 N Y 2d 472 [1958]; People v. Chase, 7 A D 2d 794 [1958]; People v. Tomaselli, 14 Misc 2d 470 [1958].)
In addition, petitioner recites six new claims of error, none of which is available to petitioner on an application in the nature of a writ of error coram nobis.
1. Petitioner claims that his plea of guilty was not his own and he was not aware of it.
This matter could have been presented by an appeal and coram nobis is not available as a remedy. (People v. Sadness, 300 N. Y. 69 [1949], cert. denied 338 U. S. 952 [1950]; People v. Quber, 201 Misc. 852 [1952].)
2. Petitioner claims that the information was defective in that although he was arrested January 26, 1958, the allegation therein was that the fire was December 29,1958,11 months after his arrest.
Even though it is clear that any defects in the proceedings in the Magistrate’s Court do not survive an indictment for the purpose of a coram nobis application, it is also true that even assuming the indictment alleged a future crime, it is not review *461 able by a writ of error coram nobis. (People v. Gencarelli, 15 Misc 2d 45 [1958].)
3. Petitioner claims that there was a six-hour delay before he was arraigned by Peace Justice J. Eetmaít Crouse. This is unavailable to petitioner in a coram nobis application. (People v. Butter, 16 Misc 2d 1100 [1959].)
4. Petitioner claims that he must be represented by counsel at the preliminary examination before the magistrate and that this right cannot be waived by a defendant.
A defendant may of course waive a right to counsel if he does so “ competently and intelligently.” (Johnson v. Zerbst, 304 U. S. 458 [1938].)
In any event, the presence of counsel in the trial court cures any defect before the magistrate insofar as coram nobis is concerned. (People v. Neeley, 4 A D 2d 1019 [1957]; People v. Langford, 156 N. Y. S. 2d 751 [Schenectady County Ct.].)
5. Petitioner claims that the court records show that the petitioner waived the two-day waiting period (Code Grim. Pro., § 472) but that the immediate sentencing of petitioner is contrary to law.
While it is difficult to ascertain whether petitioner claims he did not actually waive the two-day interval or that he cannot waive the delay, the requirement of section 472 is procedural and does not affect the judgment of conviction which is the sole subject of coram nobis. (People ex rel. Ingber v. Jackson, 5 A D 2d 1019 [1958]; People v. Greenway, 6 A D 2d 929 [1958]; People v. Charles, 7 A D 2d 760 [1958]; People v. Johnson, 10 Misc 2d 103 [1958].)
6. Finally petitioner claims that the indictment was invalid because one Charles L. Finch, as foreman of said Grand Jury who signed the true bill was disqualified as a Grand Juror because of the fact he was an employee of the New York State Department of Labor Employment Service (Judiciary Law, § 664). This likewise is not available to petitioner in a coram nobis application.
It is doubtful whether or not this claim can be raised in a coram nobis application after trial and a conviction on plea during the course of the trial. (People v. Seymour, 161 N. Y. S. 2d 261 [1957].)
But assuming that it may be raised (People v. Glass, 201 Misc. 460, 462) this claim has already been passed upon in this county and found unavailable even when timely raised.
In the case of People v. Pizzimenti (13 Misc 2d 82) Mr. Justice McClusky in Supreme Court, Oneida County (July 3, 1958) decided that while Mr. Charles L. Finch and one other member *462 of the Grand Jury were disqualified that: ‘ ‘ the Oneida County Grand Jury for January, 1958 as extended was a valid and subsisting entity. No fraud having been shown, the presence of the two individuals in question upon the Grand Jury did not invalidate the Grand Jury’s actions. Accordingly the presentation of the indictment to the court was valid.” (P. 85.)
Since there is no merit to any of the claims of the petitioner, the application is in all respects denied without a hearing since no triable issues of fact are presented. The District Attorney is directed to prepare and submit an order in accordance herewith and to serve a certified copy thereof when signed upon the defendant at his place of incarceration.