Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis. The defendant was indicted on March 22, 1939, charged with the crime of robbery in the first degree, petit larceny, assault in the second degree, robbery in the second degree, and grand larceny in the second degree. On April 6, 1939, he pleaded guilty to robbery in the second degree before Judge Wallace, and on April 28, 1939, he was sentenced by Judge Wallace to serve a term of not less than 5 nor more than 15 years in State prison. In 1951, he moved for an order setting aside his conviction on the ground that his plea of guilty was induced by fraud and that he did not have adequate advice of counsel. A hearing was held before Judge Wallace who, in a long opinion dated December 31, 1952, denied his motion. Thereafter, in 1959, the defendant again moved for a writ of error coram nobis, claiming that because of the exclusion of women from service on the Grand Jury which indicted him, the indictment should be dismissed. By order dated February 20, 1959, Judge Abraham Geller denied that motion. Defendant appealed from that order to the Appellate Division, First Department. Because of lack of prosecution, the Appellate Division, on January 21, 1960, dismissed the appeal. Defendant then obtained leave to appeal to the Court of Appeals from the said order of dismissal, and the latter court, on February 2, 1961, reversed the order of the Appellate Division and remanded the appeal to the Appellate Division, to be heard on the original papers. That appeal remains undetermined in the Appellate Division.
On the present motion, the defendant urges that the judgment of conviction should be vacated because of the failure of the sentencing court to comply with the provisions of section 480 of the Code of Criminal Procedure.
The papers on file show that on April 28, 1939, the defendant was arraigned for sentence on his plea of guilty, before Judge Wallace, and the following appears in the sentencing minutes:
‘ ‘ the clerk : Ralph Freccia, what have you now to say why judgment of the Court should not be pronounced against you according to law?
‘ ‘ attendant : Mr. Mendelson is over in Part Four on a death sentence, and will be over in a half hour.
*996 “ the court: Well, I shall go upstairs, and when he is ready inform me and I will come down again.
“ THE ATTENDANT: Yes, sir.
“ (The sentence was re-called at 11:20 a.m. with Mr. Irving Mendelson present in behalf of the defendant.)
“ (The defendant was re-arraigned at the bar for sentence.) “ mb. mendelson: Judge, I am sorry about yesterday, but I was actually on trial. The jury did not come back until nine-thirty last night.”
The minutes show that immediately following the above statement, several witnesses were called for the purpose of determining whether the defendant was armed at the time of the commission of the robbery. At the conclusion of that hearing, the court, after stating that he is not finding as a matter of fact that the defendant had a gun at the time, sentenced him to State prison for not less than 5 years nor more than 15 years. The minutes of the proceedings held on April 28, 1939, do not show that the defendant answered the question put to him at his earlier arraignment on that day, or that, when he was rearraigned at 11:20 a.m. of that morning, the question under section 480 of the Code of Criminal Procedure was put to him.
It thus appears from the record that the alleged failure to comply with section 480 of the Code of Criminal Procedure appeared on the record of the sentencing minutes and the defendant had available to him the remedy of appeal or motion in arrest of judgment. He failed to take advantage of either of those remedies, and should not now be permitted to resort to the remedy of coram nobis. As Judge Bdrice pointed out in People v. Sullivan (3 N Y 2d 196, 197-198) :
‘ ‘ Assuming that the clerk of the court did not ask the defendant ‘ whether he have any legal cause to show why judgment should not be pronounced against him ’, the question is: Does coram nobis lie1? The answer is in the negative. A writ of error coram nobis may not be invoked to show an error of law apparent on the face of the record. On the day of the sentence, conceding the defendant’s claim to be true, it was possible to ascertain from the record alone whether the mandate of section 480 of the Code of Criminal Procedure was followed. Hence the defendant’s claim was reviewable upon an appeal of the judgment of conviction (People v. Nesce, 201 N. Y. 111; People v. Craig, 295 N. Y. 116). Therefore, the defendant may not be permitted to forego his right of appeal from the judgment and resort to the remedy of coram nobis
*997 “ To allow relief to the defendant by way of coram nobis would be to disregard the purpose of the historic writ.”
As was pointed out further in People v. Sullivan (supra), the vacatur of the sentence in this case would not vacate all the proceedings antedating the sentence, as the allegations in the petition are insufficient to serve as a basis for declaring the prior proceedings a nullity. The most that the defendant was entitled to, had he been successful on appeal or on an application for a writ of habeas corpus, would be to a remand for resentence. The alleged legal error in failing to comply with section 480 of the Code of Criminal Procedure does not affect the validity of the judgment of conviction, but only the validity of the sentence.
In his concurring opinion in the Sullivan case, Judge Pxjld pointed out (p. 199) that:
“ Since 1943, when People ex rel. Lyons v. Goldstein (290 N. Y. 19) was decided, we have had many cases involving the writ of error coram nobis — and, almost invariably, it has been employed for the purpose, for which it was designed, of calling up facts unknown at the time of the judgment, facts which affect the validity and regularity of the judgment itself, facts which, if known, would have precluded the judgment rendered. We have expanded the scope of the writ, beyond its original purpose, to include cases in which a second or fourth felony offender asserts the invalidity of a prior conviction even though such invalidity is not ascribable to an error of fact not apparent on the record. * * * That departure, however, furnishes no
sound basis for extending it further to cover a situation such as is here presented.
‘ ‘ It is difficult, if not impossible, to define the precise- limits of coram nobis, but there is a general guiding principle at hand. In determining whether or not the remedy may be invoked, we should have in mind, as Judge Burke has noted, that the writ is an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him. In the present case, other courses to remedy the asserted error were open to Sullivan and, accordingly, coram nobis may not be utilized.”
(See, also, People v. Johnson, 10 Misc 2d 103.)
Accordingly, the motion is in all respects denied.