**UNITED STATES of America ex rel. Charles HIGGINS, Petitioner-Appellee,**

v.

**Edward FAY, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellant.**

**No. 444, Docket 30499.**

United States Court of Appeals
Second Circuit.

Argued May 23, 1966.

Decided July 25, 1966.

---

John C. Danforth, New York City (Anthony F. Marra, New York City, on the brief), for appellee.

Joel Lewittes, Asst. Atty. Gen., of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellant.

Before FRIENDLY, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York granting appellee's petition for a writ of habeas corpus, but staying the issuance of the writ on condition that the state either appeal the order or schedule a new trial. The district court held that the conviction violated appellee's rights under the due process clause of the Fourteenth Amendment because appellee was compelled, against his wishes, to stand trial without the assistance of counsel. We affirm.

The facts are uncontroverted and relatively simple.

Appellee was charged with attempted robbery in the second degree, attempted petit larceny and assault in the second degree. Philip Edelbaum of the Legal Aid Society was appointed as his counsel. During a pre-trial conference in the chambers of Justice Liebowitz of the Supreme Court of the State of New York, Kings County, appellee offered to plead guilty, but after some questioning, Justice Liebowitz concluded that he could not accept the plea because appellee's story indicated that he might have been "so drunk that you didn't know what you were doing, that you didn't intend to commit a crime."

At trial, after two prosecution witnesses had testified, attorney Edelbaum approached the bench and informed the court that appellee wished to "hire his own lawyer." In the absence of the jury, the following colloquy then took place:

"Defendant: Yes, I want to get a paying lawyer.

The Court: You want to get another lawyer?

Defendant: Yes.

The Court: Well, now, listen, this trick has been tried here so many times that it is becoming nauseating. The 'Raymond Street Jail Bar Association,' if you please has documented every

trick in the business to try to take the case away from this part. This is an old, old stunt. And it has never succeeded. * * * You said you didn't feel well yesterday.

Defendant: Which I don't fell well today. Today I don't feel good.

The Court: Don't you interrupt me. Don't interrupt the Court. Restrain him. Now, sit him down. Just hold him. Don't hurt him. Just put the handcuffs on him. He overturned the table in the courtroom and advanced towards the bench. Now, this is another evidence on the part of this defendant of his attempt to break up this trial. Sit up please. Sit him up straight. * * * The defendant's right [sic] are as follows:

He has a right to kick out his lawyer at any time that he pleases, but he then would have to proceed himself to continue the trial. Now, is that clear to you, Mister? Is that clear to you? Don't put on any act now. Answer the question. Is that clear to you? You have a right to continue the trial yourself and act as your own lawyer. What is it you wish to do?

Defendant: I wish to get me a paid lawyer.

 *     *     *     *     *     *

Mr. Edelbaum: If your Honor please, the defendant has discharged me?

The Court: I said you have been discharged by this defendant.

Mr. Edelbaum: Have you discharged me? Do you want me to continue as your lawyer or do you want to continue by yourself?

Defendant: I want to get me a paid lawyer.

Mr. Edelbaum: As amicus curiae—

The Court: Please step out of this courtroom. I don't need any amicus curiae. Step out please.

Mr. Edelbaum: May I advise the defendant of his rights?

The Court: He said he doesn't want you as his lawyer.

Mr. Edelbaum: I think he needs legal advice during the trial.

The Court: He knows what he needs. He is trying to break up this trial to get it before some other judge. Maybe he will get a better break. That's what is in this gentleman's mind. But he will never succeed. He will never impeach this judge with these tricks. Now, please step out. You are not his lawyer any more. All right. Please retire from the courtroom. * * *"

When the jury returned, the following occurred:

"The Court: Now, gentlemen, for legal reasons with which you are not concerned, it has nothing to do with the guilt or innocence of the defendant, the counsel that tried the case up to now has retired from the courtroom. The defendant will proceed himself if he so desires. That's his constitutional right.

Defendant: I want to get me a paid lawyer. I told you that.

The Court: Now, please, you be quiet.

Defendant: I don't want to proceed.

The Court: Proceed, Mr. District Attorney."

Appellee's sole request was for a "paid lawyer." At no time did he indicate that he wished to proceed pro se.

As the trial continued appellee, handcuffed and without counsel, made no attempt to cross-examine any of the four remaining witnesses for the prosecution. No defense witnesses were called, nor motions made; appellee did not take the stand, nor offer any evidence to support the claim that he was drunk at the time of the attempted robbery.

Justice Liebowitz called upon appellee to make a closing statement to the jury:

"The Court: I repeat. The defendant may address the jury in his own behalf by way of summation. (No response.)

The Court: The defendant remains silent.

Defendant: Is your Honor asking me these questions? I don't know anything about law and you are asking me these questions? I should defend that?

The Court: You kicked your lawyer out.

Defendant: I said I want to buy me a lawyer.

The Court: That's your lookout.

Defendant: I want to get me a paid lawyer.

The Court: The District Attorney may sum up."

The jury was not charged on the defense of intoxication.

After the jury informed the court that it had reached a decision, but before the verdict had been announced, the trial judge, for the first time since attorney Edelbaum had been barred from the courtroom, indicated to appellee that he could have his attorney present. Appellee immediately requested Edelbaum's return.

After the verdict of guilty was announced, attorney Edelbaum moved for a mistrial on the ground that Higgins had not been represented by counsel during a substantial portion of the trial. The motion was denied.

■ The Sixth Amendment to the Constitution guarantees that:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

This mandate is binding on the states. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

We have insisted that in cases of this type:

"[I]t is incumbent upon the presiding judge, by recorded colloquy with the defendant, to explain to the defendant: that he has the choice between defense by a lawyer and defense pro se * * * that it is advisable to have a lawyer, because of his special skill and training in the law and that the judge believes it is in the best interest of the defendant to have a lawyer, but that he may, if he elects to do so, waive his right to a lawyer and conduct and manage his defense himself. If the result is a waiver of the right to counsel and an election to defend *pro se*, the presiding judge should conduct some sort of inquiry bearing upon the defendant's capacity to make an intelligent choice. In other words, there must be a record sufficient to establish to our satisfaction that the defendant 'knows what he is doing and his choice is made with eyes open.'" United States v. Plattner, 330 F.2d 271, 276 (2d Cir. 1964); see United States v. Curtiss, 330 F.2d 278, 279–280 (2d Cir. 1964).

■ For his own protection, a defendant who wishes to proceed pro se "must make an unequivocal request to act as his own lawyer in order to invoke the right." United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965).

At no time in the course of the heated colloquies between judge and appellee was appellee accorded a "clearcut explanation of his rights." Nor did appellee indicate that he understood that if he discharged his lawyer he would have to proceed pro se. On the contrary, appellee continued to insist on hiring a lawyer. He did not indicate any desire to proceed pro se; indeed, he insisted that he would not proceed alone. See Patton v. State of North Carolina, 315 F.2d 643 (4th Cir. 1963) where the court properly rejected the view that a defendant waived his right to counsel when he unsuccessfully attempted to replace one counsel with another.

In United States v. Curtiss, 330 F.2d supra at 280, we held:

"Curtiss' statements indicate that while he was unhappy about his relationship with Mr. Kaplan, he certainly had no wish to try the case himself but felt that 'he had no choice.' Of course the judge need not have appointed other counsel besides Mr. Kaplan unless Curtiss showed good cause, United States v. Gutterman, 147 F.2d 540 (2 Cir. 1945), but *it was erroneous to re-*

*quire him to try his own case without a clear cut statement that he intelligently wished to do so."* (Emphasis added.)

■ In these circumstances, where appellee was not accorded a clear-cut explanation of his rights, where it is not clear that he understood the consequences of the position he adopted, where he never indicated that he wished to proceed pro se and did not in fact proceed pro se, and where he was clearly prejudiced by the absence of counsel, we hold that appellee was unconstitutionally deprived of his right to counsel.

· The court wishes to express to John C. Danforth its gratitude for his conscientious and able handling of his appeal.

Affirmed.