**Wallace BAKER, Ronald Felder, William Craig, Robert Rice, and Walter Thomas, Petitioners,**

v.

**The PEOPLE OF the STATE OF NEW YORK, Respondents.**

**No. 69 Civ. 499.**

United States District Court
S. D. New York.

April 2, 1969.

William M. Kunstler, Conrad J. Lynn, Mary Kaufman, New York City, for petitioners.

Frank S. Hogan, Dist. Atty., New York County, New York City, for respondents; Alan Scribner, New York City, of counsel.

MEMORANDUM

BONSAL, District Judge.

Respondents, The People of the State of New York, move, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Supreme Court of the State of New York, County of New York. It was removed to this Court by the petitioners on February 6, 1969, on the ground that this Court has jurisdiction pursuant to 28 U.S.C. § 1443(1) because petitioners are black citizens of the United States and are

> "unable to enforce in the courts of the State of New York rights and liberties furnished to them under the Constitution and laws of the United States providing for same."

Petitioners were indicted and convicted of murder in the first degree and sentenced to life imprisonment. Prior to their trial, petitioners, who were indigent, moved to have counsel of their choice, who were ready, willing, and able to represent them, assigned, with pay, to defend them. Their motion was denied and other court appointed counsel defended them.

On appeal, the New York Court of Appeals reversed and ordered a new trial on the ground that confessions had been improperly admitted at the trial, People v. Baker, 23 N.Y.2d 307, 296 N.Y.S.2d 745, 244 N.E.2d 232 (1968). In its opinion, the court stated, "Finally, we find no error in the manner in which the trial court appointed defendants' counsel." 296 N.Y.S.2d at 757, 244 N.E.2d at 240.

Petitioners are now awaiting a second trial and allege that they have again been denied the services of counsel of their choice, who are ready, willing, and able to represent them, notwithstanding the fact that counsel of their choice are members of the Indigent Defendants' Legal Panel. Section IV-A-4 (trial panels) and Section IV-C-4 (appellate panels) of the Plan for the Indigent Defendants Legal Panel, adopted pursuant to Article 18-B of the County Law,

McKinney's Consol. Laws, c. 11, provide:

> "No defendant accepting representation under Article 18-B of the County Law shall be permitted to select his own counsel from the panel of attorneys."

Petitioners contend that they have a constitutional right to counsel of their own choice and, moreover, since a co-defendant, Hamm, has been assigned counsel of his choice, the others are being denied equal protection of the laws.

Petitioners seek to support the removal on the basis of 28 U.S.C. § 1443(1), which provides as follows:

> "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;"

and they cite 42 U.S.C. § 1981 to support their contention that they are being denied equal rights under the law, which section provides:

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Section 1443 was interpreted by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the Court holding that § 1443(1) entitled defendants to remove to the federal court

"only if they meet both requirements of that subsection. They must show both that the right upon which they rely is a 'right under any law providing for * * * equal civil rights,' and that they are 'denied or cannot enforce' that right in the [State Court]." 384 U.S. at 788, 86 S.Ct. at 1788.

In the companion case of City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the Court again construed § 1443, pointing out that

"It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been * * * denied." 384 U.S. at 827, 86 S.Ct. at 1812.

where

"the most obvious remedy is * * * vindication of their federal claims on direct review by this Court, if those claims have not been vindicated by the trial or reviewing courts of the State." 384 U.S. at 828, 86 S.Ct. at 1813.

The rules laid down in *Peacock* and *Rachel* were followed by the Court of Appeals for this Circuit in Chestnut v. People, 370 F.2d 1 (2d Cir. 1966), cert. denied, 386 U.S. 1009, 87 S.Ct. 1355, 18 L.Ed.2d 439 (1967), the Court pointing out:

"that the right to remove under § 1443(1) is not a broad or a recently extended one, as appellants contend; but, indeed, is a right limited in scope." 370 F.2d at 6.

Petitioners contend that the application of § 1443 was broadened by the Fifth Circuit in Whatley v. City of Vidalia, 399 F.2d 521 (5th Cir. 1968), decided after *Rachel* and *Peacock*. However, as the court pointed out, *Whatley* involved a specific federal statute, viz.,

"Section 11(b) of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973i(b), *which statute had not been enacted and was, therefore, of course, not invoked by the movants in Peacock.*" 399 F.2d at 522 (emphasis in original).

Indeed, *Whatley* was merely an application of the *Peacock* rule to a subsequently enacted statute. See also People of the State of New York v. Davis, 411 F.2d 750 (2d Cir. March 28, 1969).

At argument, petitioners forcefully raised the issue that since they have a constitutional right to counsel under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), they also have a right to counsel of their own choice, at least if such counsel are members of an approved panel created for the purpose of providing legal services to indigent defendants, and if such counsel are ready, willing, and able to represent them.

 Whatever merit there may be to petitioners' claim,* it is not a ground for removal, for it is not a "right under any law providing for * * * equal civil rights." 384 U.S. at 788, 86 S.Ct. at 1788. The Court in Georgia v. Rachel, *supra,* held that that phrase "must be construed to mean any law providing for specific civil rights stated in terms of racial equality." 384 U.S. at 792, 86 S.Ct. at 1790, and indicated in City of Greenwood v. Peacock, *supra,* that 42 U.S.C. § 1981 was one such statute, 384 U.S. at 825, 86 S.Ct. 1800. Section 1981, quoted above,

---

* In passing, it is noted that in this Court's Plan under the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), which Plan was approved by the Judicial Council of this Circuit, it is provided, in Article III–B–5,

"Counsel shall be designated and appointed by the District Judge, and no such defendant shall select his own counsel from the panel of attorneys or otherwise."

A similar provision is included in District Court Plans throughout the country. The Plan for the United States Court of Appeals for the Second Circuit in Article III, paragraph 4, provides:

"4. The selection of counsel shall be the sole and exclusive responsibility of the Court, and any defendant entitled to representation under the Act shall not be permitted to make the selection of an attorney to represent him from the panel or otherwise."

gives all citizens the same rights as white citizens in certain specified areas. Petitioners have not shown that they are treated any differently than white citizens with regard to the assignment of counsel. On the contrary, the procedure for the assignment of counsel which is authorized by Article 18–B of the County Law, and the Plan adopted pursuant thereto, applies to all indigent defendants regardless of race or color. For that reason, they are not being denied equal rights under the law, as provided in 42 U.S.C. § 1981.

For the reasons above stated, petitioners must be relegated to making this contention in the State courts, with ultimate review to the Supreme Court by petition of certiorari. Respondent's motion to remand is granted and the action is remanded to the Supreme Court of New York, New York County.

It is so ordered.