David DAVIS, Plaintiff,

v.

Hon. Harold STEVENS et al., Defendants.

No. 71 Civ. 837.

United States District Court,
S. D. New York.

May 27, 1971.

David Davis, pro se.

Louis J. Lefkowitz, Atty. Gen. by Wm. Stutman, New York City, for defendants.

## OPINION

EDELSTEIN, District Judge.

The complaint filed in this action alleges that a list of attorneys is maintained for the Supreme Court of the State of New York, Bronx County, for use in connection with the representation of indigent defendants in criminal proceedings. When the Legal Aid Society is not appointed to represent an indigent defendant, one of the attorneys from the list is appointed instead. The appointments are made on a rotating basis so that the attorney whose name appears at the head of the list will be called upon when an attorney is needed. All appointments are made by the court. Defendants are not given the opportunity to select a particular attorney from the list to represent them.

Mr. David Davis, the plaintiff in this action, has been indicted by the grand jury of Bronx County for filing a false instrument in the first degree. Plaintiff is indigent and unable to retain private counsel to defend him against this charge. He has made *pro se* applications to the Supreme Court for the appointment of counsel of his choice regardless of whether or not such counsel

is on the list described above. Alleging that he has been refused such relief, plaintiff has brought this action under the civil rights laws, 42 U.S.C. § 1981 (1964) et seq., and 28 U.S.C. § 1343(3) and (4) (1964). He contends that he has a constitutional right to be provided with counsel of his choice and that denial of this claimed right results, among other things, in a denial of his Sixth Amendment right to counsel and in a denial of his Fourteenth Amendment right to the equal protection of the laws. Plaintiff, in his complaint, asks that a three-judge statutory court be convened pursuant to 28 U.S.C. § 2281 (1964) and that preliminary and permanent injunctions be issued prohibiting the enforcement of Article 18–B of the New York County Law (McKinney's Consol.Laws, c. 11, Supp.1970).[1]

Named in this action as defendants are the Honorable Harold Stevens, Presiding Justice of the Appellate Division of the Supreme Court of the State of New York, First Department, the Honorable Isadore Dollinger, and the Honorable Samuel Silverman, Justices of the Supreme Court of the State of New York, the Honorable Thomas McCoy, State Administrator of the Administrative Board of the Judicial Conference, Hyman Gamso, Esq., Clerk of the Appellate Division, First Department, and all of the Judges of the Supreme Court of the State of New York, First Department. Defendants have moved to dismiss the complaint. This motion is granted on the grounds that the complaint fails to raise a substantial federal question.

This court cannot but agree with plaintiff that the right to be represented by counsel in a criminal proceeding is a fundamental right essential to the fair administration of our adversary system of criminal justice. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792,

9 L.Ed.2d 799 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Indeed, this basic right to representation extends beyond the trial itself to every stage of the proceedings " * * * formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." United States v. Wade, 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1957). Nonetheless, while this right to counsel includes the right of an indigent defendant to have counsel appointed for his benefit free of charge to him, Gideon v. Wainwright, *supra* it never has been held that this right to counsel also comprehends a right of an indigent defendant to have counsel of his choice appointed for him. Rather, it is the duty of the court to appoint counsel for the indigent defendant, and unless there is good cause shown why the appointment of a particular attorney should not have been made, the defendant must accept the attorney selected by the court unless he waives the right to be represented by counsel. This proposition of law is supported by numerous cases. *E. g.*, United States v. Davis, 365 F.2d 251, 254 (6th Cir. 1966); United States v. Burkeen, 355 F.2d 241, 245 (6th Cir. 1966); Nash v. Reincke, 325 F.2d 310, 312 (2d Cir. 1963), cert. denied 377 U.S. 938, 84 S.Ct. 1345, 12 L.Ed.2d 302 (1964); United States v. Gutterman, 147 F.2d 540, 542 (2d Cir. 1945); United States v. Gross, 298 F.Supp. 449 (D. Iowa 1968); United States ex rel. Fletcher v. Maroney, 280 F.Supp. 277, 279 (W.D.Pa.1968); Wilson v. United States, 215 F.Supp. 661, 663 (W.D.Va.1963); United States ex rel. Mitchell v. Thompson, 56 F.Supp. 683, 688–689 (S.D.N.Y.1944).

There is additional authority which stands opposed to plaintiff's claimed constitutional right to have appointed counsel of his choice. The Criminal Jus-

---

1. Article 18–B requires each county of the State to place in operation " * * * a plan for providing counsel to persons charged with a crime, who are financially unable to obtain counsel." Section 722.

The list of attorneys maintained for the Supreme Court, Bronx County, apparently is maintained pursuant to Article 18–B.

tice Act of 1964, 18 U.S.C. § 3006A (1964), as amended (Supp. V, 1970), requires each United States district court, with the approval of the judicial council for its circuit, to adopt a plan for providing representation to persons charged with crime who are unable with their own resources to obtain adequate representation. Pursuant to this statute, the Judges of the United States District Court for the Southern District of New York, this District, have adopted such a plan. Article IV of the plan, entitled Appointment of Counsel, provides specifically that a District Judge or a Magistrate, when appropriate, shall appoint counsel, and that " * * * no [person] shall select his own counsel from the panel of attorneys or otherwise." The United States Court of Appeals for the Second Circuit has adopted its own amended plan for cases before it to supplement the plan of the Southern District and that of the other district courts within the Second Circuit. Paragraph 4 of Part III of the Court of Appeals' plan provides "The selection of counsel shall be the sole and exclusive responsibility of the Court, and any defendant entitled to representation under the Act [Criminal Justice Act] shall not be permitted to make the selection of an attorney to represent him from the panel or otherwise." The plans adopted under the Criminal Justice Act by the district courts throughout the country also include similar provisions. Baker v. People, 299 F.Supp. 1265, 1267n. (S.D. N.Y.1969).

Finally, it is to be noted that included in one of the exhibits to plaintiff's complaint is a list of counsel acceptable to plaintiff. According to the defendants, on March 4, 1971, David Bernheim, Esq., was appointed through the Appellate Division, First Department, to represent plaintiff in the criminal proceedings

pending against him in the Supreme Court, Bronx County. Mr. Bernheim, according to the defendants, is in the office of Henry B. Rothblatt, Esq., one of those attorneys included in plaintiff's list of acceptable counsel.

In any event, the defendants' motion to dismiss the complaint is granted because the complaint fails to present a substantial federal question. See Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129, 130 (2d Cir.), cert. denied 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967).[2]

So ordered.

2. Plaintiff served interrogatories on defendants in this matter. At argument on March 25, 1971, the court ordered that these interrogatories be held in abeyance pending the outcome of this motion. Plaintiff also served a subpoena on de-

fendant Hyman Gamso, Esq. This defendant moved by order to show cause for a protective order quashing this subpoena. In view of the court's decision these matters need not be considered further.