**UNITED STATES of America,**
**Appellee,**

v.

**Russell G. DUTY, Appellant.**

**No. 1029, Docket 71–1321.**

United States Court of Appeals, Second Circuit.

Argued July 2, 1971.

Decided Aug. 3, 1971.

W. A. Newcomb, New York City, for appellant.

John J. Kenney, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, and Ross Sandler, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before FEINBERG and MANSFIELD, Circuit Judges, and BARTELS, District Judge.*

PER CURIAM:

After a two-day non-jury trial before the Honorable Thomas F. Croake, Russell G. Duty was found guilty on three counts of a five-count indictment charging him with the illegal sale of amphetamine hydrochloride. At the trial he acted as his own attorney and now appeals from his conviction upon the sole ground that he did not knowingly and intelligently waive his right to counsel. The facts follow.

Upon the calendar call in the trial court Duty answered that he was ready and his privately retained attorney, Roger W. Kohn, stepped up and made a formal application to be discharged as counsel upon the ground that the defendant "wants to conduct his own defense, and I feel that I should be discharged in this matter." Judge Croake stated: "You will not be discharged. If he wishes to conduct his own defense I will let him proceed until I find out whether or not he can do it properly. But you are an attorney and you will have to sit with him and advise him, at least. If he wishes to ask any questions and they are proper questions, I will permit them. Otherwise, no." Thereupon the defendant stated that he wished to waive a jury trial. Before approving the proposed waiver, Judge Croake ascertained from Duty that he was twenty-seven years old and three credits short of a B.S. degree in chemistry at Kent State University. The Government then proceeded to put in its case against Duty, which proved to be a formidable one. Duty insisted upon presenting his own case although he conferred with his counsel on at least three occasions. His defense of the action was active but understandably in-expert.

However, his performance in cross-examining witnesses,[1] objecting to evidence, and questioning the qualifications of witnesses to give certain opinions, clearly showed that he comprehended the nature of the charges against him and had understanding of the trial process. After consulting with his attorney he decided to take the stand although the court warned him that he was not required to do so. On the stand he admitted on cross-examination that he had made the sales but thought that sales of those particular substances did not violate the law. The conviction followed.

The determination as to whether there has been an intelligent waiver of the right to counsel, as is well recognized, must depend in each case upon the facts and circumstances surrounding the case, including the background, experience and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In applying this standard to the instant case, it must initially be emphasized that we are not here dealing with a situation where the defendant was unaware of his right to counsel or expressed dissatisfaction with his present counsel but showed no inclination for self-representation. See United States v. Curtiss, 330 F.2d 278 (2d Cir. 1964). From the outset Duty made it clear that he desired to try his own case in his own way in spite of the fact that he had an attorney at his side. Respect for the autonomy of the individual requires that a defendant's request to represent himself be granted if he is cognizant of his legal rights and the consequences of his decision. Indeed, failure of the trial judge to accede to such a request made prior to the commencement of the trial has been held to be reversible error. United States v. Plattner, 330 F.2d 271 (2d Cir. 1964). The fact that

---

* Of the Eastern District of New York, sitting by designation.

1. For example, after reading the 3500 material pertaining to agent Jones, Duty's cross-examination of him elicited the information that with respect to the third and fourth counts of the indictment no money changed hands. These counts were ultimately dismissed by Judge Croake because they were related to the offenses set forth in the other counts.

defendant's *pro se* representation turned out to be inadequate and ineffective is irrelevant to the issue of whether the waiver of his right to counsel was knowingly and intelligently made. Hodge v. United States, 414 F.2d 1040 (9th Cir. 1969). This case is not dissimilar to the circumstances in United States v. Trimm, 416 F.2d 1145 (2d Cir. 1969), where, in a selective service case, this court found a waiver of the right to counsel by a defendant who never engaged an attorney because he desired to personally explain to the jury, without legal rhetoric, his reasons for refusing to submit to induction. In this case Duty had privately retained counsel, which fact indicates that he was aware of the dangers of a *pro se* representation. However, by reason of his great confidence in his superior ability in chemistry,[2] Duty decided, although unwisely, that he could best represent his own interests in a case involving narcotic substances, a decision which the district court was bound to honor.

■■ While, as a general rule, it is preferable for the court to examine the defendant with specificity and advise against self-representation, emphasizing the risk, pitfalls and complexities inherent in such procedure and the serious consequences of conviction (see United States v. Plattner, *supra*, 330 F.2d at 276; Hodge v. United States, *supra* (dissenting opinion); cf. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948)), we are convinced, upon a review of the entire record in this case, that Duty intelligently and knowingly waived his right to counsel even without such a caveat. Townes v. United States, 371 F.2d 930 (4th Cir. 1966), cert. denied, 387 U.S. 947, 87 S.Ct. 2083, 18 L.Ed.2d 1335 (1967).

Affirmed.

---

2. During his direct testimony Duty offered into evidence a pending patent application filed by him for an improved process in the manufacture of amphetamines.