■ NANCE FLEMING, Respondent, v. SAINT AGNES HOSPITAL, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion to set aside the service of the summons. Order affirmed, with $10 costs and disbursements. Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., concurs on the sole ground that insufficient notice was given of the motion to set aside the service of the summons.

■ In the Matter of MOE J. ANAPOELL, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding to review a determination of respondent suspending the chauffeur's license of petitioner for 30 days for gross negligence in the operation of a motor vehicle (Vehicle and Traffic Law, § 71, subd. 3, par. [e]) transferred to this court pursuant to section 1296 of the Civil Practice Act. Determination annulled, with $10 costs and disbursements. There is no substantial evidence to support the conclusion that petitioner was guilty of gross negligence in the operation of a motor vehicle. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM LYNCH, Respondent.— Appeal from an order of the County Court, Westchester County, granting respondent's application in the nature of a writ of error *coram nobis* to vacate a judgment of said court rendered October 1, 1923 convicting him, on his plea of guilty, of burglary in the third degree. The application was made on the ground that respondent was not advised of his right to counsel and was not represented by counsel. Order reversed on the law and the facts and proceeding remitted to the County Court, Westchester County, for further proceedings not inconsistent herewith. The clear and detailed testimony of the learned former County Judge who presided at the arraignment, accredited by the learned County Judge who conducted the hearing in this proceeding, shows, together with undisputed documentary proof, that respondent was well aware of the nature of, and was accorded, his constitutional rights. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [2 Misc 2d 217.]

■ ALPHONSE SARULLO, Appellant, v. NEWSTAND REALTY CORP. et al., Respondents and Third-Party Plaintiffs. D & W PAINTING Co., INC., Third-Party Defendant.— In an action to recover damages for personal injuries, the appeal is from an order granting respondents' motion for leave to amend their answer so as to withdraw the admission of maintenance and control. Order reversed, with $10 costs and disbursements, and motion denied. It was an improvident exercise of discretion, resulting in prejudice to appellant, to permit respondents, in June, 1956, to amend their original answer, served in September, 1951, so as to withdraw their admission of maintenance and control. Moreover, respondents had knowledge of the claim that the third-party defendant maintained and controlled the premises in question, as shown by their third-party complaint served in October, 1952. Respondents did not move until May, 1956, on the eve of the trial, to amend their answer. This constituted gross laches. (*Drescher* v. *Mirkus*, 211 App. Div. 763; *Levy* v. *Delaware, Lackawanna & Western R. R. Co.*, 211 App. Div. 503; *Luback* v. *Hirsch*, 232 App. Div. 691; *Jennings* v. *Perkins*, 277 App. Div. 1143.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.