■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISIAH PITMAN, True Name ISIAH BIGGINS and ALVIN NELSON, Appellants.— Judgment convicting defendants of murder in the first degree, unanimously affirmed. Counsel were assigned to the defendants. Thereafter each defendant asserted the right to defend *pro se*. The trial court acceded and at every stage of the trial each defendant controlled and prosecuted his own defense. The trial court, however, assigned two standby attorneys to each defendant to advise and assist as requested by either defendant. The jury was instructed that the court had assigned the lawyers to the defendants to render whatever assistance each might desire; that under the Federal and State Constitutions each defendant had the right to represent himself; that each had the absolute right to accept or refuse such services; that the jurors were not to draw any inference from the failure to exercise or the extent of the exercise of said right; and that guilt or innocence was to be determined solely upon the evidence and the court's charge. This case differs from *United States ex rel. Maldonado* v. *Denno* (348 F. 2d 12). There the court admonished defendant (p. 15) : " No, no. You sit down, mister. You have got a lawyer, a good lawyer, and he is going to try your case. Now sit down." Here, each defendant conducted his own defense and, in addition, availed himself of the advice and assistance of counsel. Assigned counsel for Biggins questioned the Assistant Medical Examiner with the permission of Biggins. Nelson conferred with his counsel from time to time and asked questions which counsel had suggested and declined to ask others which were suggested. Nelson's counsel also questioned officer Sheffey. The record shows that as the trial proceeded at the request of the defendants their counsel progressively increased their participation in the conduct of the defense. We have not overlooked *People* v. *Price* (262 N. Y. 410) where the court said (p. 413) : " If, however, the defendant desires to defend himself or has an attorney, the court has no right to make an assignment." The court was there concerned with the procedural aspects of the assignment of counsel in a criminal proceeding, vis-a-vis, the trial court and the Court of Appeals. It was decided that the trial court was unauthorized to assign counsel for the appeal until trial counsel retained by the defendant had voluntarily withdrawn. The court there was not required to decide the question here involved which concerns the power of the trial court to appoint counsel to aid and assist the defendants in the exercise of their constitutional right to defend themselves against a charge of murder in the first degree. The assignment of counsel as the record eventually demonstrated did not prejudice or deprive but rather supplemented the constitutional right of defendants to conduct their own defense. Generally however if a defendant should not wish to have such assistance it may not be forced on him. In this case however there was no prejudice and defendants ultimately utilized such assistance. We have examined the other assignments of error and find them to be without merit. Concur — Breitel, J. P., McNally, Stevens, Steuer and Staley, JJ.