UNITED STATES of America ex rel.
Alvin NELSON, Petitioner-
Appellant,

v.

John L. ZELKER, Superintendent of
Green Haven Correctional Facility,
Stormville, New York, Respondent-Ap-
pellee.

No. 845, Docket 72–1036.

United States Court of Appeals,
Second Circuit.

Argued July 13, 1972.

Decided Aug. 22, 1972.

Certiorari Denied Dec. 4, 1972.
See 93 S.Ct. 544.

Donald L. Zoeller, New York City
(John L. Altieri, Jr., New York City, of
counsel), for petitioner-appellant.

Brenda Soloff, Asst. Atty. Gen. (Louis
J. Lefkowitz, Atty. Gen. of the State of
New York, Stanley L. Kantor, Deputy
Asst. Atty. Gen., of counsel), for respon-
dent-appellee.

Before FEINBERG, MULLIGAN and
OAKES, Circuit Judges.

MULLIGAN, Circuit Judge:

This is an appeal from an order of the
United States District Court for the

Southern District of New York, Hon. Charles Metzner, entered on June 21, 1971 dismissing appellant's petition for a writ of habeas corpus. On January 12, 1972, this court issued a certificate of probable cause.

On March 20, 1964, appellant and his co-defendant were convicted in Supreme Court, New York County (Martinis, J.), after a joint jury trial, of murder in the first degree (felony murder) and sentenced to life imprisonment. The judgment of conviction was affirmed by the Appellate Division, First Department, People v. Pitman (Biggins) & Nelson, 25 A.D.2d 637, 268 N.Y.S.2d 83 (1966) and by the New York Court of Appeals, 18 N.Y.2d 919, 276 N.Y.S.2d 1001, 223 N.E.2d 494 (1966). On November 30, 1967, after the affirmance of his conviction, appellant filed his first petition for habeas corpus in the United States District Court in which he alleged violations of his rights to confrontation and of compulsory process. The petition was dismissed (McGohey, J.) for failure to exhaust state remedies. Appellant then sought *coram nobis* relief in the state courts alleging that the introduction at trial of a statement by his co-defendant, Biggins, violated his sixth amendment rights under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and also that he was deprived of his right to compulsory process with respect to a subpoenaed witness. The trial court's denial of this application was affirmed without opinion in People v. Nelson, 31 App.Div.2d 601, 295 N.Y.S.2d 590 (1st Dep't 1968) and leave to appeal to the New York Court of Appeals was denied.

Appellant then filed his second petition for a writ of habeas corpus in the United States District Court on March 29, 1969. He raised the same issues which he had raised in the state *coram nobis* proceedings—the *Bruton* problem and the alleged denial of his right to compulsory process. The writ was denied by Judge Charles Metzner, on July 23, 1969, and this court affirmed, United States ex rel. Nelson v. Follette, 430 F.2d 1055 (2d Cir. 1970). The Supreme Court denied appellant's petition for certiorari, 401 U.S. 917, 91 S.Ct. 899, 27 L. Ed.2d 818 (1971).

On May 5, 1971 Nelson *pro se* filed this, his third petition for a writ of habeas corpus raising three issues: (1) that he was entitled to a separate trial from his co-defendant Biggins so that the latter could then have testified on his behalf; (2) that he was deprived of his right to represent himself at trial; and (3) that he was denied his right to a fair trial due to prejudicial remarks on the part of the prosecutor, indicating that Nelson had a prior criminal record. The petition was denied on the merits by Judge Metzner, without a hearing.

■■■ We have no problem in affirming, on Judge Metzner's opinion, the dismissal of the petition insofar as it urges that Nelson's trial was constitutionally tainted because of the alleged deprivation of his right to defend *pro se* and because of the alleged prejudicial remarks of the prosecutor. A reading of the Record on Appeal in the state court reveals that Judge Martinis scrupulously protected Nelson's right to represent himself, while insisting that experienced trial counsel be held in readiness in court to assist him only at his request. Nelson at the beginning of the trial conducted his own cross-examination of witnesses but eventually permitted counsel to fully participate on his behalf. The prejudicial comment argument is equally strained. After combing a trial transcript of some 3500 pages appellant finds three instances of alleged prosecutorial misconduct. Appellant urges that his prior criminal record was disclosed to the jury by the District Attorney's reference to "honor among thieves" in his summation and in his cross-examination of a Detective Brown called by Nelson, the witness was permitted to testify that his relationship with appellant was neither social nor friendly. To consider this comment and this answer as tantamount to the revelation of Nelson's prior criminal record would be far fetched indeed. The third

alleged error also occurred during the cross-examination of Detective Brown, when he was asked if he had been looking for Nelson immediately after the crime. Objection was made by counsel to this line of questioning as improperly suggesting flight, and it was sustained by the trial court which only permitted the witness to state that he had not seen Nelson in those places where he had seen him before the crime. Moreover, the jury was instructed to disregard the remarks of counsel, and the colloquy on the question of flight was held out of the presence of the jury. In any event, there is nothing in the comments or questions of the prosecutor which approaches the level of prejudice found in cases such as Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935) and Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966), relied on by appellant. See United States v. Benter, 457 F.2d 1174 (2d Cir. 1972).

On this appeal principal reliance is placed upon the proposition that Nelson was entitled to a separate trial from his co-defendant Biggins, who after two weeks of trial and during the testimony of the last major state witness, made a statement to the court out of the presence of the jury that he, Biggins, was guilty of the killing and that Nelson was innocent, and was not his confederate during the robbery which culminated in the homicide for which they were being jointly tried for felony murder. Although willing to exculpate Nelson, Biggins refused to identify his confederate, except that he knew him as "Oliver". The District Attorney refused to accept Biggins' guilty plea, and the trial judge refused to grant the motion for a severance. The trial proceeded after a three week adjournment during which Biggins was sent to Bellevue Hospital for psychiatric as well as physical testing. After the resumption of the trial another Biggins confession, which he had previously made to the police, was introduced into evidence. In this confession Biggins admitted his participation in the robbery but blamed the homicide on one "Oliver" whose description roughly fitted Nelson. Further motions for a severance on the ground that the admission of the confession prejudiced Nelson were also denied by the trial court. The Bruton argument arising out of this confession was clearly raised in the coram nobis proceedings as well as in the second federal habeas corpus petition which was denied by this court. The opinion of this court fully reports this aspect of the severance argument, United States ex rel. Nelson, 430 F.2d 1055 (1970), and we need not discuss it here.

Appellant's present theory in support of his claimed prejudicial denial of severance is that the District Attorney's motive in refusing to accept Biggins' guilty plea was that the case against Biggins was strong and the case against Nelson was weak. Hence the District Attorney's refusal was based on a fear that the case against Nelson would collapse if he were tried alone. Moreover, it is urged that if the trials were severed and Biggins pleaded guilty, he would be available as a witness in the separate trial of Nelson and would give exculpatory evidence. It is thus urged that the action of the trial judge in refusing to grant a severance was an abuse of discretion and deprived him of a fair trial. Judge Metzner in his opinion below found no abuse of discretion in the trial court's denial of the motion for a severance. On appeal assigned counsel for Nelson argues that the refusal of the District Attorney to accept Biggins' plea after his statement implicating himself and exonerating Nelson, constituted a deliberate prosecutorial suppression of exculpatory evidence under the doctrine of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Without expressing any view as to the soundness of appellant's position, our first inquiry on the argument of this appeal was whether or not the appellant had exhausted his state remedies on this issue, a proposition which at that point had not been briefed by either party. Since the argument, we have received

correspondence from both parties and have had the opportunity to examine the records and proceedings in the state trial, appeal and *coram nobis* proceedings.

It is clear that although a motion to sever was made as soon as Biggins had made his in-court confession to the trial judge out of the presence of the jury, no articulation of a constitutional argument was made at that point based on the possibility of Biggins testifying in a subsequent separate trial. The point was raised on appeal, however, and although couched in terms of an abuse of the discretion vested in the trial judge under Section 391 of the former New York Code of Criminal Procedure then applicable, it might be properly construed as also raising the claim that the abuse resulted in a denial of due process.

While we therefore agree that a general due process argument was made in the state court, we are governed by the Supreme Court's most recent opinion construing 28 U.S.C. § 2254(b), the controlling statute here. Under Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) the test is whether the state court had "a fair opportunity" to consider the alleged constitutional defect. We think not. The abuse of discretion argument based on Biggins' anticipated exculpatory testimony was muted in comparison with the *Bruton* argument arising from Biggins' previous allegedly inculpatory statements admitted into evidence on trial. In fact, in his first federal habeas proceeding this was the basis of the entire severance argument, with no mention at all of the exculpatory confession as a basis for constitutional infirmity.* Whatever doubt might exist about this question is removed when we consider that conced-edly no argument has ever been advanced in the state court that the refusal of the District Attorney to accept Biggins' plea constituted a deliberate suppression of evidence in violation of Brady v. Maryland, *supra*. This focuses attention upon the alleged misconduct of the prosecutor in a context certainly not considered by any state tribunal.

While recognizing that the *Brady* argument has not been considered by the state court (the Attorney General's position is that this constitutes a failure to exhaust state remedies) appellant nonetheless argues that exhaustion is not a jurisdictional concept but discretionary and that judicial economy should influence our judgment in entertaining a closely related constitutional argument even if not in the same focus as that heretofore made. We cannot agree that this case presents one of those "rare instances" where justice requires a deviation from the exhaustion requirement. United States ex rel. Graham v. Mancusi, 457 F.2d 463, 468 (2d Cir. 1972). Picard v. Connor, *supra*, 404 U.S. at 276, 92 S.Ct. at 512, teaches that "we have required a state prisoner to present the state courts with the *same* claim he urges upon the federal courts." (emphasis added)

In this case, the appellant has been convicted of murder in the first degree by a state court and has been sentenced to life imprisonment in a state institution. His attack is upon the conduct of the District Attorney and of the State Supreme Court Justice who participated in that trial. It would indeed be violative of § 2254(b) as construed in Picard v. Connor to deny the state court the opportunity to review the propriety of the actions of its court and prosecutor, under attack here, in a constitutional pos-

---

* Even were we to agree with appellant that the state remedy was exhausted, he would still be faced with the problem of overcoming 28 U.S.C. § 2244(b) which requires the trial judge to be satisfied that there was not a deliberate withholding of the newly asserted ground from the earlier application. The appellant has not discussed this question and the court below makes no reference to it in its opinion. On the basis of the record before us we would have no basis for determining whether the omission was inadvertent or deliberate and would have to remand in any event. See Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969).

ture never fairly or substantially presented to it. United States ex rel. Rogers v. LaVallee, 463 F.2d 185. (2d Cir. July 5, 1972)

Affirmed in part and remanded in part to the district court to enter an order consistent with this opinion without prejudice for exhaustion of state remedies. We are grateful to Donald J. Zoeller, Jr., Esq. appointed counsel in this court for his efforts on behalf of appellant.