OPINION OF THE COURT
Stanley Gartenstein, J.
May a defendant execute in personam an informed waiver of certain procedural safeguards in his favor, subsequent to his request for assigned counsel but prior to the attorney’s actual functioning on his behalf?
*498 the facts: Defendant Daniel Simmons was arraigned on June 30, 1978 on a charge of attempted robbery (Penal Law, §§ 110.00, 160.05) resulting from events which allegedly occurred on June 13, 1978. Bail was set at $10,000 and not posted. It appears that this alleged crime was one of four independent robberies all allegedly committed in a two-week interval immediately following defendant’s release from incarceration on similar crimes. These separate charges are now pending in other parts of the criminal justice system.
On July 7, 1978, proceedings herein came before the undersigned on a date within the statutory time limits of GPL 180.80 for a hearing to determine whether or not defendant would be held for action of the Grand Jury. At that time, defendant appeared with counsel from the Legal Aid Society who made application to be relieved with the vigorous and wholehearted concurrence of defendant. This application was made in the face of admonitions from the court that continuance of bail conditions and incarceration for failure to meet them could be expected in the light of delays occasioned thereby. Defendant, who ultimately proved to be most knowledgeable in matters of criminal procedure, then applied to the court for the appointment of "18 B Counsel” (his words) which application was granted after the court relieved the society with its thanks. At this point, with assigned counsel not yet functioning and the society relieved, defendant made an in personam application to place on record a waiver to the Grand Jury. In support of his application to be allowed to do so without counsel, he volunteered a cogent, well-organized, rational explanation of the purposes of the preliminary hearing; of jurisdictional questions concerning the impact of indictment upon Criminal Court proceedings; a logical explanation of his strategy in doing so in terms of his other cases; and of impact of this application on the bail conditions in his various other cases. The court found defendant articulate, knowledgeable in the law, and capable of understanding the strategic ramifications of every aspect of his proffered waiver to the Grand Jury. In short, this proffered waiver is "informed” as defined by authority in this realm. In view of his request for counsel immediately following relief of the Legal Aid Society, may the court accept an in personam waiver, informed or otherwise, to the Grand Jury?
The foundation of case law in this State as regards appointment of counsel may be found in section 6 of article I *499 of the New York State Constitution which provides that one accused of a crime is mandated to appear and defend in person or by counsel. It is clear from holdings in this sphere that the right to counsel is a double edged sword in which a trial court may err at both ends of the spectrum either by actions which have the effect of denial thereof on the one hand or in forcing unwanted legal assistance upon a defendant who insists on representing himself on the other (People v Cunningham, 2 Misc 2d 162, app dsmd 283 App Div 1057; Matter of Hedgecock v Oneida County Ct., 19 Misc 2d 459, app dsmd 10 AD2d 604). While a defendant may not have the assistance of counsel foisted upon him, courts are under an obligation, before accepting a waiver thereof, to carefully ascertain that the waiver is executed by the accused acting competently, intelligently and with an understanding of the consequences of his acts (People v Witenski, 15 NY2d 392; People v Betillo, 53 Misc 2d 540). This determination must depend upon the particular facts of each case including background, experience and conduct of the accused (Johnson v Zerbst, 304 US 458; People v Lynch, 2 Misc 2d 217, revd on other grounds 2 AD2d 854).
While decisions have tended to recognize that assistance of counsel against a defendant’s will is legally intolerable (People v Jackson, 46 Misc 2d 742), they have also permitted intrusion upon the principle under circumstances where defendant’s right must be protected in spite of himself and/or where his own actions threaten to halt the very trial process itself (cf. People v Epps, 71 Misc 2d 1075, refusal of defendant to appear as designed to disrupt or prevent his trial; see, also, Falk v United States, 15 DC App 446; Mayberry v Pennsylvania, 400 US 455, demonstrated prior or subsequent disruptive conduct evincing intent to intentionally disrupt; People v Pitman, 25 AD2d 637, right to defend pro se granted on condition that assigned counsel stand by).
There appears to be no direct holding on the question of whether or not a defendant who has demanded assigned counsel may act in personam in his own defense where his waiver is an informed one, either before counsel starts functioning as such (owing to administrative processing of request for same) or where counsel is in fact functioning and a defendant, knowledgeable in the law, seeks to overrule him. We chose, therefore, to draw insight from the Code of Professional Responsibility (DR 7-101) which places decisions as to *500 conduct of the trial and/or the incidents thereof within the ambit of those reserved to the attorney as opposed to his client. Consistent with this view of counsel’s function, we note People v Medina (44 NY2d 199) in which the Court of Appeals upheld the refusal of the trial court to grant a charge of counsel where defendant’s criticisms of counsel did not go to competence but to the attorney’s failure to agree with his client’s concept as to trial tactics.
We respectfully believe that counsel’s function as an officer of the court is no less than that of the Judge who presides therein; that corresponding to counsel’s duty to promote respect for the court is its own duty to promote the respect due counsel and to guard the attorney’s personal prerogatives as a member of the bar as jealously as it expects reciprocation. We feel it patently unfair to any attorney to have him enter a case and place his reputation and skills on the line for public scrutiny under circumstances wherein crucial decisions of procedure have already been made without him. In short, counsel’s presence in a case is not for the purpose of paying lip service to his function, but must be under circumstances which allow him the full use of every skill he possesses on behalf of his client.
We rule accordingly that defendant may not have it both ways. He may proceed in personam based upon the court’s adjudication that any waiver of counsel by him would be "informed”, or he may be represented by counsel who will have full control of the incidents of defense procedure. Should there come a time when defendant and his new lawyer disagree to a point where further representation is impossible, they will both have available an appropriate application. But while counsel is in fact serving, the court will not permit his a priori emasculation by his own client.
The application to waive to the Grand Jury is accordingly denied without prejudice to renewal either by counsel on the next court date or by defendant if and when he and his attorney disagree to a point where the court entertains and grants any application for counsel to be relieved.