**UNITED STATES** of America ex rel. George **MALDONADO,** Petitioner-Appellee,

v.

**Hon. Wilfred L. DENNO,** as Warden, Sing Sing Prison, Ossining, New York, Respondent-Appellant.

**UNITED STATES** of America ex rel. Nicholas **DiBLASI,** Petitioner-Appellant,

v.

**Hon. Daniel McMANN,** as Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.

Nos. 523, 524, Dockets 29657, 29691.

United States Court of Appeals Second Circuit.

Argued June 9, 1965.

Decided July 12, 1965.

Michael H. Rauch, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of New York; Samuel A. Hirshowitz, First Asst. Atty. Gen.), for respondent-appellant.

Joshua N. Koplovitz, New York City (Anthony F. Marra, Ben Vinar), New York City, for petitioner-appellant DiBlasi.

Joel Lewittes, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen.), for respondent-appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge:

After a jury trial in the Criminal Term of the New York Supreme Court for Kings County, George Maldonado and Nicholas DiBlasi were convicted of burglary in the third degree and of petit larceny. They received suspended sentences on the larceny counts but were sentenced to five to ten years in prison as second-felony offenders on the burglary counts. Their convictions were affirmed without opinion by the Appellate Division, Second Department, 21 A.D.2d 964, 252 N.Y.S.2d 405. Leave to appeal to the Court of Appeals was denied by Associate Judge Fuld on October 27, 1964.

Having exhausted all available state remedies, Maldonado applied to the United States District Court for the Southern District of New York for a writ of habeas corpus, seeking release from Sing Sing Prison on the ground that he had been denied his federal right "to conduct his own defense without the aid of counsel." Judge Tenney granted the writ, with an opinion reported at 239 F. Supp. 851, and ordered the state authorities to retry Maldonado or to free him from prison.

DiBlasi, who was incarcerated in Clinton Prison, brought a virtually identical petition in the United States District Court for the Northern District of New York. He fared worse than his companion, however, for Judge Foley denied and dismissed the application, with an opinion reported at 236 F.Supp. 592.

Ben Vinar, New York City (Anthony F. Marra), New York City, for petitioner-appellee Maldonado.

Appeals from the two orders were argued before this court on the same day, and we affirm both dispositions.

The relevant facts are undisputed. Maldonado and DiBlasi were indicted on September 28, 1962. At their arraignments upon the indictment on October 4, Maldonado was represented by retained counsel and DiBlasi by assigned counsel. Thereafter, when Maldonado's retained counsel withdrew because he had not been paid, the lawyer assigned to represent DiBlasi was also assigned to represent Maldonado, and he defended both men throughout the subsequent trial on January 10 and 11, 1963.

When the cases were called on the calendar but before the jury had been chosen, both Maldonado and DiBlasi asked for the assignment of other counsel. The trial judge denied their requests. Maldonado then stated, "Your Honor, if I feel that the case must go on, I want to be able to act as my own attorney. Would you give me that permission, sir?" This request likewise was denied.[1]

1. The entire colloquy was as follows:

Defendant Maldonado: Your Honor, I would like to say thank you for assigning a lawyer, but I don't feel that this man is interested in my case, and I would like to be assigned someone else.

The Court: How long have you had this lawyer?

Defendant Maldonado: I have had him since eight, ten minutes ago, sir.

The Court: Eight or ten minutes ago?

Defendant Maldonado: Yes, sir.

The Court: You mean you have never seen this lawyer before?

Defendant Maldonado: I don't recall.

The Court: Don't tell me you don't recall. Have you seen him? Yes or no.

Defendant Maldonado: I think so.

The Court: What do you mean, you think so? Have you discussed it with him before?

Defendant Maldonado: I don't remember, sir.

The Court: Yes or no. Have you discussed this case with him before? Don't jockey with me, mister.

Defendant DiBlasi: May I say something? He was my lawyer when my co-defendant was out on bail at the time, and he had a different lawyer.

The Court: Did you ever discuss it with this lawyer before?

Defendant Maldonado: I don't remember, sir.

The Court: Do you have any money to hire a lawyer?

Defendant Maldonado: No, your Honor.

The Court: Then what do you suggest the Court do?

Defendant Maldonado: Assign me someone—

The Court: How do you come to the conclusion that you don't want this lawyer?

Defendant Maldonado: I just feel that—

The Court: And do you come to the conclusion just as we are ready to pick a jury?

Defendant Maldonado: Yes.

The Court: Application denied. This is your lawyer.

Defendant DiBlasi: Your Honor, I don't want this man for my lawyer.

The Court: You don't want him either? Why don't you want him?

Defendant DiBlasi: Because he is not interested in the case.

The Court: And you just come to this conclusion as we are about to pick a jury?

Defendant DiBlasi: This was the first time I have spoke to him.

The Court: Do you have any money to hire a lawyer?

Defendant DiBlasi: I am going to try to get one.

The Court: How long have you been waiting to go to trial here?

Defendant DiBlasi: Since—

The Court: How long? This indictment is dated—

Mr. Schor: September 28, filed September 28.

The Court: Now you have decided, just before we pick a jury, you do not want this lawyer.

Defendant DiBlasi: I wrote to the Legal Aid Society for a lawyer.

The Court: He is a man from the Legal Aid Society.

Defendant DiBlasi: I don't feel that he is—

The Court: What makes you come to that conclusion?

Defendant DiBlasi: I spoke to him before at the last plea, whatever it was, and he just didn't seem right to me.

The Court: What?

Defendant DiBlasi: He didn't take no interest.

The Court: I am not going to permit you now, at the eve of trial, to tell me

At the close of the trial, both Maldonado and DiBlasi repeated their objections regarding the lawyer who had been assigned to them.

■ The case law, although wavering in spots, appears to lay down the following doctrines concerning a criminal defendant's right to represent himself at trial. The right derives, not from legislative enactments or judicial rules, but from the Federal Constitution. United States v. Plattner, 330 F.2d 271, 273 (2 Cir. 1964); United States v. Private Brands, Inc., 250 F.2d 554, 557 (2 Cir. 1957), cert. denied, 355 U.S. 957, 78 S. Ct. 542, 2 L.Ed.2d 532 (1958); United States v. Mitchell, 137 F.2d 1006, 1010 (2 Cir. 1943), cert. denied, 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083 (1944); see Moore v. State of Michigan, 355 U.S. 155, 161, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Carter v. People of State of Illinois, 329 U.S. 173, 174–175, 67 S.Ct. 216, 91 L.Ed. 172 (1946); Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942). As such, the right is applicable in state trials as well as in federal prosecutions. See Moore v. State of Michigan, supra, 355 U.S. at 161, 78 S.Ct. 191; Carter v. People of State of Illinois, supra, 329 U.S. at 174–175, 67 S.Ct. 216; United States ex rel. Hyde v. McMann, 263 F.2d 940, 943 (2 Cir.), cert. denied, 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549 (1959).

■■ This right of an accused to defend himself, as we conceive it, rests on two bases. See Adams v. United States ex rel. McCann, supra, 317 U.S. at 279, 63 S.Ct. at 241; United States v. Mitchell, supra, 137 F.2d at 1011. He "must have the means of presenting his best defense," and to this end he "must have complete confidence in his counsel." Without such confidence a defendant may be better off representing himself. Moreover, even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice "with eyes open."

■■ The right of a defendant in a criminal case to act as his own lawyer is unqualified if invoked prior to the start of the trial. United States v. Plattner, supra, 330 F.2d at 273; United States v. Bentvena, 319 F.2d 916, 938 (2 Cir.), cert. denied, Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); United States v. Dennis, 183 F.2d 201, 234 (2 Cir. 1950), aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). Once the trial has begun with the defendant represented by counsel, however, his right thereafter to discharge his lawyer and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance. United States v. Bentvena, supra, 319 F.2d at 938; United States ex rel. Hyde v. McMann, supra, 263 F.2d at 943; United States v. Dennis, supra, 183 F.2d at 234.

■ Regardless of whether he has been notified of his right to defend himself, the criminal defendant must make an unequivocal request to act as his own lawyer in order to invoke the right.

you want another lawyer, to delay this case. This man has appeared in this court before. He has amply demonstrated he is a good lawyer, and from what this Court has seen in the past, that he will defend you to the best of his ability, which is high. He had defended these men, and now I am going to go forward to trial. Application denied. Sit down.

Defendant Maldonado: Your Honor, I don't feel that this man, in eight or ten minutes, can defend me. I am facing a lot of time.

The Court: All right, mister, you have had your say. Sit down. We are trying this case.

Defendant Maldonado: Your Honor, if I feel that the case must go on, I want to be able to act as my own attorney. Would you give me that permission, sir?

The Court: No, No. You sit down, mister. You have got a lawyer, a good lawyer, and he is going to try your case. Now sit down.

United States v. Gutterman, 147 F.2d 540, 542, 157 A.L.R. 1221 (2 Cir. 1945); United States v. Mitchell, supra, 137 F.2d at 1010. If an unequivocal request were not required, convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel. United States v. Plattner, supra, 330 F.2d at 276; United States v. Gutterman, supra, 147 F.2d at 542. And if notice of the right had to be given, the task of administering the overriding constitutional policy in favor of granting a lawyer to every person accused of a serious crime would become unduly treacherous. Cf. Gideon v. Wainwright, 372 U.S. 335, 344–345, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Carnley v. Cochran, 369 U.S. 506, 514–517, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ We turn now to the facts of these cases. We hold that if Maldonado and DiBlasi clearly sought to represent themselves, after their cases had been called on the calendar but before the jury had been chosen, they had an unqualified right to have their requests granted.[2] At this stage there was no danger of disrupting proceedings already in progress. The State argues that if Maldonado and DiBlasi had been allowed to represent themselves the trial judge would have been obliged also to grant them a continuance so that they might prepare their defenses. On the contrary, the trial judge would have been entirely justified, once their cases had been called, in insisting that the two men proceed to trial at once, with or without the lawyer who had been assigned to them. See United States v. Mitchell, supra, 137 F.2d at 1011; cf. United States v. Paccione, 224

F.2d 801, 802 (2 Cir.), cert. denied, 350 U.S. 896, 76 S.Ct. 155, 100 L.Ed. 788 (1955).

■■ We agree with Judge Tenney that Maldonado made an unequivocal request to conduct his own defense. Compare United States v. Gutterman, supra, 147 F.2d at 542; United States v. Mitchell, supra, 137 F.2d at 1010.[3] The State contends that if his request had been granted a reviewing court might well have found that he had not executed an intelligent and knowing waiver of his right to the assistance of counsel. Any doubt on this score, however, could have been settled by an immediate inquiry prior to trial to determine whether Maldonado had made his choice "with eyes open," an inquiry which the trial judge declined to conduct. See United States v. Plattner, supra, 330 F.2d at 276; United States v. Mitchell, supra, 137 F.2d at 1011.

We also agree with Judge Foley that DiBlasi never made the requisite unequivocal request to conduct his own defense. United States v. Gutterman, supra, 147 F.2d at 542; United States v. Mitchell, supra, 137 F.2d at 1010. DiBlasi claims that Maldonado was speaking for both of them, and that in any event he (DiBlasi) was dissuaded from lodging a similar demand of his own because the trial judge had just turned down his companion in summary fashion. These are precisely the sort of hindsight claims which have led us to hold that the accused must unmistakably commit himself, in the presence of the trial judge, to the alternative of conducting his own defense.

Orders affirmed.

2. United States v. Private Brands, Inc., supra, 250 F.2d at 556–557, and United States v. Cantor, 217 F.2d 536 (2 Cir. 1954), do not hold otherwise. In the former case the defendant sought in effect to exercise "at the same time" both the "right to the assistance of counsel" and the "right to dispense with a lawyer's help." In the latter case, the defendant took "the leading part in conducting his own defense," and "the over-all pattern of the defense" was what the defendant "saw fit to make it."

3. United States v. Curtiss, 330 F.2d 278, 280 (2 Cir. 1964), casts no doubt on this conclusion. There the only evidence pointing to rejection of the assistance of counsel was a statement by defendant's attorney "made some time before the date of the trial, to the effect that Curtiss did not wish to avail himself of his services" and desired instead to act as his own lawyer.