James J. ALLISON, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 15316.

United States Court of Appeals
Seventh Circuit.

March 10, 1966.

Rehearing Denied April 19, 1966.

Rehearing Denied April 19, 1966,
(en banc).

James J. Allison, pro se.

Carl W. Feickert, U. S. Atty., E. St. Louis, Ill., Walter D. Williams, Asst. U. S. Atty., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

This appeal was docketed in forma pauperis, the printing of the record was waived, and the hand-printed brief of the petitioner-appellant, James J. Allison, pro se, was allowed to be filed in lieu of printed copies. The appeal was taken by the Court on the record and the briefs of the parties without oral argument.

Petitioner was indicted by the Grand Jury for the Eastern District of Illinois on charges of receiving stolen property and of conspiracy. On June 29, 1962, he appeared for arraignment in open court with two co-defendants. At that time, with his consent, he was accompanied by Edward Neville, an attorney at law and partner of petitioner's privately retained counsel, Robert H. Rice.

Subsequently, in September, 1962, petitioner was brought back from the U. S. Penitentiary at Leavenworth, Kansas, for the specific purpose of permitting Mr. Rice, his retained counsel, to withdraw. In extended colloquy with the Court, petitioner indicated unequivocally that he wished Mr. Rice to withdraw and that he did not wish the Court to appoint counsel for him. The Court made repeated offers, at least six, to make such an appointment so that counsel would have sufficient time to prepare for trial which had been set for October 22, 1962, warning petitioner that the Court would not entertain a request for appointment of counsel on the morning of the trial. Petitioner firmly refused each of these offers from the Court.

Prior to trial on October 22, 1962, in a conference outside the presence of the jury, petitioner stated that he would represent himself and that Mr. Rice would represent the two co-defendants and would "handle" the jury but that petitioner would represent himself in all other aspects of this trial. Mr. Rice, accordingly, took part in selecting the jury. Petitioner made his own opening statement and cross-examined the government's witnesses.

The jury found all three defendants guilty on October 24, 1962. The Court allowed ten days' time in which to file motions for a new trial. Mr. Rice filed such motions for the two co-defendants.

In a letter dated October 29, 1962, petitioner asked for appointment of counsel to assist him in his appeal. The District Court had petitioner returned to the Court on October 31, 1962, and pointed out that only the Court of Appeals could appoint counsel to represent the petitioner in that Court, and also advised petitioner that the next step in proceedings would be a motion for a new trial. The District Court let the record show an oral motion for the petitioner for a new trial. He also suggested that petitioner might submit in writing any points to be considered in connection with that motion.

Motions for new trial for petitioner and for his two co-defendants were considered and denied. The District Judge indicated in his Memorandum and Order that in passing on petitioner's motion he had also taken into consideration in so far as they were applicable, such alleged errors as were contained in the motions filed by Mr. Rice for the other two defendants.

Petitioner was sentenced to serve 10 years on the first count and 5 years on the second, to run concurrently with each other and consecutively with a parole violation sentence petitioner was then serving. Petitioner who was well aware of his right to take a direct appeal did not pursue the matter further until October, 1964, when he filed a petition in forma pauperis alleging use of known perjured testimony by the prosecution. He alleged that the perjury charge would be verified by inspection of the reports of the U. S. Attorney to the Department of Justice in Washington, D. C. The District Court required the production of all correspondence and reports between the Department of Justice and the U. S. Attorney's office. From his study of these documents and the transcript of testimony at the trial, the District Judge concluded that petitioner's charges were unfounded. He denied the petition to vacate and set aside judgment and sentence and also denied request for appointment of counsel. Subsequently, on March 4, 1965, he denied leave to appeal from that decision in forma pauperis as not being sought in good faith.

By a letter dated April 20, 1965, the petitioner asked, and was granted leave to file in forma pauperis his petition to vacate and set aside judgment and sentence, which was denied on May 28, 1965. This appeal followed.

Petitioner would now have us believe that he did not make an intelligent and understanding refusal of the District Court's repeated offers to appoint counsel for him because he was under great mental strain occasioned by other charges then pending against him and by difficulties he was encountering in connection with bond with reference to those charges.

■ We have carefully examined the record from which it appears clear that petitioner did understand exactly what he was doing when in no uncertain terms he refused the Court's six offers to appoint counsel. He did later ask for counsel to assist him in his appeal. Although in his petition the petitioner does say that he "indicated his wish for an attorney" with respect to the motion for new trial, the District Judge specifically states in his Memorandum and Order of May 28, 1965, that petitioner did not at any time request appointment of counsel to assist him in his motion for new trial. Rule 33, Federal Rules of Criminal Procedure, allows five days within which to file a motion for a new trial or such further time as fixed by the Court within the five-day period. The District Judge had already enlarged the time to ten days and under Rule 45(b) could not further enlarge the time when petitioner appeared before him on October 31, 1962. The District Judge did not appoint counsel at this late date, but suggested petitioner write out his own reasons for a new trial and gave the petitioner the benefit of points raised by the attorney for his co-defendants.

■ As the District Court held, the Constitutional right to assistance of counsel carries with it the "correlative right to dispense with a lawyer's help." Adams v. United States ex rel. McCann, 1942, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268. In a recent case, United States ex rel. Maldonado v. Denno, 2 Cir., 1965, 348 F.2d 12, 15, the Court said:

"Moreover, even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires * * *."

The order of the District Court is affirmed.

Affirmed.