■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN A. McINTYRE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 3, 1971, convicting him of murder in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This is the second time appellant has been convicted of the aforementioned crimes arising out of the same incident. The first conviction was reversed and a new trial granted by this court (*People* v. *McIntyre*, 31 A D 2d 964), because evidence adduced at a posttrial hearing led to our conclusion that the image of justice would be better served by a new trial. At the new trial there was again ample evidence of guilt and, although appellant raises numerous issues on this appeal, only one of them requires any discussion. At the commencement of the trial, defendant, through counsel, indicated that he wished to try the case himself and have assigned counsel act as an adviser. He indicated he did not question the competence of counsel but wanted to defend himself along with counsel. After the trial court stated that he was not inclined to go along with defendant's request and that defendant could speak through counsel, he inquired whether the jury was on its way to the courtroom. Defendant thereupon said, "F—— the jury. I'm not going to trial." He then jumped up and knocked his chair over. The court ordered that he be handcuffed and tied to the chair. However, when defendant agreed to behave the court permitted the cuffs to be removed. It then formally denied the motion to defend *pro se*. We note that in most instances an accused has a constitutional right to defend himself *pro se* (*People* v. *McLaughlin*, 291 N. Y. 480; *People* v. *Price*,

262 N. Y. 410; *People* v. *Pitman,* 25 A D 2d 637; *United States ex rel. Maldonado* v. *Denno,* 348 F. 2d 12; U. S. Const., 6th Amdt.; N. Y. Const., art. I, § 6). However, we are of the view that in a situation where the accused is unable to maintain self-control and where the court finds that to permit him to defend himself *pro se* would be to risk both a threat to the safety of other individuals in the courtroom and a serious impediment to the orderly course of the trial, it is altogether within the power of the court, as here, to deny the accused the right to defend *pro se.* Just as a defendant may lose his right to be present at a trial if he conducts himself in a manner so disorderly and disruptive and disrespectful of the court that a trial cannot be carried on with him in the courtroom (*Illinois* v. *Allen,* 397 U. S. 337), so too he may lose his right to defend *pro se* when his conduct is of such a nature as to indicate that were he permitted to defend *pro se* it would pose a serious impediment to the orderly course of the trial. Munder, Martuscello, Latham and Shapiro, JJ., concur; with the following further memorandum by Munder, J., in which Martuscello and Latham, JJ., concur: The record indicates that what defendant requested was not that he be permitted to defend in person but to act as co-counsel with his assigned attorney. He said, " Judge, I feel that Mr. Legum is very competent to defend me, but I would like to defend myself along with him." I do not perceive the court's denial of that request as a deprivation of defendant's constitutional right to defend himself. If there was error in refusing that request it is clear to me there is no reasonable possibility that it contributed to his conviction (see *People* v. *Baker,* 26 N Y 2d 169, 174). To give this defendant a third trial would be pointless. Hopkins, Acting P. J., dissents and votes to reverse and to order a new trial, with the following memorandum: At the beginning of the trial — after the jury had been chosen, but before the opening by the prosecution — defendant asked that he be permitted to try his own case, with assigned counsel as an adviser. It is clear from the record that the court denied this request before the disruptive incident occurred; and, indeed, it is a fair inference from the record that defendant's conduct was a direct reaction to the denial of his request. A defendant has a constitutional right to represent himself (*Glasser* v. *United States,* 315 U. S. 60, 71) and that right, if timely invoked, cannot be passed over. Our constitution provides that the party accused " shall be allowed to appear and defend in person " (N. Y. Const., art. I, § 6) and the court must heed a defendant's decision to defend himself. Defendant's right was timely invoked (cf. *People* v. *Richardson,* 4 N Y 2d 224), so that the orderly procedure of the trial would not have been disarranged. The right is almost universally recognized, because it comports with fundamental concepts of justice (*United States ex rel. Maldonado* v. *Denno,* 348 F. 2d 12; *Hatfield* v. *Bailleaux,* 290 F. 2d 632, cert. den., 368 U. S. 862; *United States* v. *Plattner,* 330 F. 2d 271). The court did not deny the request on the ground that defendant lacked the capacity to waive the right to counsel (cf. *Browne* v. *Wisconsin,* 24 Wis. 2d 491, cert. den. 379 U. S. 1004); the court said that defendant would be better represented by counsel and that defendant's conduct after the denial constituted reason for the denial. The first ground advances an option which the court could not exercise, but only the defendant; and the second ground is self-defeating, since it is based on events occurring after the denial was made and in response to an erroneous refusal of a legitimate choice.