**UNITED STATES of America ex rel.**
**Jose Juan SOTO, Appellant,**

v.

**UNITED STATES of America.**

**No. 74–1042.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 20, 1974.

Decided Oct. 24, 1974.

Michael J. Izzo, Jr., Orlofsky, Cozen & Begier, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Section, Kenneth A. Richie, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before VAN DUSEN, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This is an appeal from the district court's denial of a motion under 28 U.S. C. § 2255 [1] to vacate or set aside movant-appellant's sentence. Since the facts are set forth in the district court opinion, 369 F.Supp. 232, 233-234 (E.D.Pa. 1973), only the facts most pertinent to the issues now before the court are recited here.

Movant, Jose Juan Soto, was indicted for aiding and abetting a sale of heroin in violation of 26 U.S.C. §§ 4704, 4705 [2] and 18 U.S.C. § 2.[3] When his case was called for trial at 2:30 P.M. on June 1, 1972, Soto's appointed attorneys [4] asked leave to withdraw as counsel on grounds that movant had "become displeased with [their] representation." [5] (N.T.

---

[1]. 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."

[2]. 26 U.S.C. § 4704 provides:

"(a) It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package . . . ."

26 U.S.C. § 4705 provides in pertinent part:

"(a) It shall be unlawful for any person to sell . . . or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold . . . or given, on a form to be issued . . . by the Secretary . . . ."

[3]. 18 U.S.C. § 2 provides:

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

[4]. Marilyn Mauskopf, Esq., was appointed to represent Soto on August 4, 1971, following his indictment on April 29, 1971. On February 25, 1972, Aaron Blumberg, Esq., was appointed co-counsel by order of the court, in accordance with 18 U.S.C. § 3006A.

[5]. When the district judge stated that he was "certainly not favorably disposed to a motion to withdraw at this late stage," N.T. 2, counsel responded that the motion was filed "approximately a day and a half ago," at which time counsel "did believe that there was at least another week until the case

2). In presenting their motion to the court, counsel identified two bases for Soto's dissatisfaction. First, he had "expressed . . . the feeling that they were not raising every constitutional claim which [they] might perhaps raise on his behalf." [6] (N.T. 2–3). Second, Soto had expressed resentment of, and resistance to, counsel's requirement that movant telephone them once a day to determine whether his case had been called for trial.[7] After counsel had argued their motion, the court engaged in a colloquy with Soto which revealed that he had made no arrangements to retain another attorney. 369 F.Supp. at 234, N.T. 3–9. The court thereupon denied counsel's motion to withdraw, stating that a substitution of attorneys would be allowed in the event that Soto did obtain other counsel. Soto participated freely in the colloquy, volunteering that it was "impossible" for him to leave his truck and be in court on a moment's notice. 369 F.Supp. at 239 n. 13. He offered no grounds for dissatisfaction other than those already advanced by counsel, though the court appeared willing to hear any and all reasons for such dissatisfaction. Having ruled on the motion to withdraw, the court immediately proceeded to allow Soto's waiver of jury trial, "partly . . . because [Soto] indicated that [he] want[ed] to get this over with" and was inconvenienced by having the matter continued longer. Upon Soto's affirmative response to the court's inquiry whether

"you want me to start right now; is that correct," the case proceeded to trial. (N.T. 12). Testimony was heard until 7:30 P.M. on June 1, 1972, and resumed at 9:30 A.M. on June 2, 1972, to accommodate the trial court's calendar.[8] A verdict of guilty was announced by the court on June 2, 1972, and movant's sentence was affirmed on appeal, sub nom. United States v. Santiago, 474 F.2d 1337 (3d Cir. 1972), cert. denied, Soto v. United States, 411 U.S. 907, 93 S.Ct. 1535, 36 L.Ed.2d 197 (1973). Soto then filed this motion under § 2255.

The crux of the § 2255 motion is that the trial court, by failing to advise appellant of his right to proceed pro se, deprived him of that right, thereby committing a *"per se* reversible error." Ancillary to this claim is appellant's contention that the trial court abused its discretion in denying appointed counsel leave to withdraw without either ascertaining from appellant the reasons for his dissatisfaction with counsel or granting, *sua sponte,* a continuance so that appellant could obtain substitute counsel or prepare his own defense. We reject all these contentions and affirm the district court order of November 15, 1973.

### I.

At the outset, we must determine whether jurisdiction lies under 28 U.S.C. § 2255 to adjudicate appellant's claim that he was denied the right to

would be called for trial." *Id.* The motion, however, is stamped "Filed Jun 1 1972," and the district judge had not seen the motion before the time set for trial. *Id.*

6. This "feeling" had apparently been reinforced by Soto's conference with other, unnamed "attorneys in New York City, who [had] informed him that [his appointed counsel had] not raised every claim . . . on his behalf . . . ." (N.T. 3.). According to the motion for leave to withdraw, Soto "refused to provide counsel with the names and addresses of the New York lawyers" (see par. 6).

7. "Since Mr. Soto is a truck driver and unavailable all day, and since his case is high on

the list of criminal cases about to be called for trial, counsel had requested Mr. Soto to telephone them daily in order to ascertain when his case would be called for trial." Motion for leave to withdraw at par. 7. Soto had complained to Puerto Rican fraternal and social agencies that "counsel were treating him unfairly by requiring that he telephone them once a day." *Id.* Counsel also stated that Soto had refused to telephone counsel. *Id.* at par. 8.

8. Before agreeing to accept the waiver of jury trial, the court stated that "if I take it I will probably have to work a little later tonight, because I have some time problems tomorrow that I have to concern myself with." (N.T. 10).

proceed pro se. In the recent case of Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (U.S., 1974), the Supreme Court held that a § 2255 proceeding was not limited to the resolution of constitutional claims, but was the proper vehicle for a prisoner to assert that his confinement was invalid due to a change in the law of the circuit. The Court noted that "the grounds for relief under § 2255 are equivalent to those encompassed by 2254, the general federal habeas corpus statute, under which relief is available on the ground that 'a person is in custody . . . in violation of the Constitution *or laws* or treaties of the United States.' (Emphasis added)." 417 U.S. at 344, 94 S.Ct. at 2304, citing United States v. Hayman, 342 U.S. [205] at 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952). In sum, the remedy of § 2255 "is intended to be as broad as habeas corpus." 417 U.S. at 344, 94 S.Ct. at 2304. The Government's position, that "the petitioner's claim [was] not 'of constitutional dimension' and thus [was] not cognizable in a § 2255 collateral proceeding," *id.* at 342, 94 S.Ct. at 2303,

was emphatically rejected as inconsistent with the clear words of the statute.[9] *Id.* at 343–345, 94 S.Ct. 2298.

Although the courts of appeals disagree over whether the right to represent oneself is constitutionally guaranteed, "there is no dispute that it is a fundamental right." 369 F.Supp. at 235. The right, embodied in 28 U.S.C. § 1654,[10] was set forth in the Judiciary Act of 1789 and has been consistently honored by the federal courts.[11] Thus, even though we decide that there is no constitutional requirement that an accused be permitted to proceed pro se, see Part II, *infra*, the statutory right is sufficient to afford jurisdiction under the holding of *Davis*.

## II.

■ After careful consideration, we reject movant's contention that the Constitution guarantees a defendant the right to proceed pro se. *See* United States v. Dougherty, 154 U.S.App.D.C. 76, 473 F.2d 1113, 1121 (1972); Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363, 365 n. 2 (1959).[12]

---

9. The Government's position was widely accepted before *Davis*. "The lower courts have been virtually unanimous in barring non-constitutional claims on § 2255 motions." Bator, Mishkin, Shapiro and Wechsler, Hart and Wechsler's The Federal Courts and the Federal System 1531 n. 8 (2d ed. 1973). Many commentators have read Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L. Ed. 1982 (1947), and Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), as limiting § 2255 relief solely to constitutional claims. In *Davis*, Justice Stewart distinguished *Sunal* and *Hill* on their facts in declaring that there was "no support in prior cases" for limiting § 2255 to constitutional claims. 417 U.S. at 345, 94 S.Ct. 2298. *See generally*, Developments in the Law—Federal Habeas Corpus, 83 Harv. L.Rev. 1038, 1067–70 (1970).

10. 28 U.S.C. § 1654 provides:
"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein."

11. *See* United States v. Dougherty, 154 U.S. App.D.C. 76, 473 F.2d 1113, 1122–1123 (1972); Comment, Self-Representation in Criminal Trials: The Dilemma of the Pro Se Defendant, 59 Calif.L.Rev. 1479 (1971) [hereinafter cited as Comment].

12. We have not overlooked other federal court decisions stating that the right to proceed pro se is a constitutional right. *See* United States v. Price, 474 F.2d 1223 (9th Cir. 1973); United States v. Warner, 428 F.2d 730 (8th Cir. 1970), cert. denied, 400 U.S. 930, 91 S.Ct. 194, 27 L.Ed.2d 191 (1971); Lowe v. United States, 418 F.2d 100 (7th Cir. 1969); Juelich v. United States, 342 F.2d 29, 31 (5th Cir. 1965); United States v. Plattner, 330 F.2d 271 (2d Cir. 1964). These cases relied on dictum in Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942), stating that the "right to dispense with a lawyer's help" is "correlative" to "the right to assistance of counsel." The Court did not, however, say that this "correlative" right is guaranteed by the Constitution. Brown v. United States, 105 U.S. App.D.C. 77, 264 F.2d 363, 365 n. 2 (1959).

The Sixth Amendment provides that the accused in all criminal prosecutions "shall enjoy the right . . . to have the assistance of Counsel for his defence." In interpreting this language, the Supreme Court has repeatedly stressed that it is "an obvious truth" that a fair trial cannot be assured unless a defendant has counsel. Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). See Argersinger v. Hamlin, 407 U.S. 25, 36–37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Johnson v. Zerbst, 304 U.S. 458, 462–463, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Powell v. Alabama, 287 U.S. 45, 68–69, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The central importance of competent legal counsel to the conduct of a fair trial has led the Court to require assistance of counsel at all "critical stages" in the trial process. See, e. g., Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336 (1967); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

By contrast, the right to pro se representation is only tangentially related to procuring a fair trial. The primary basis of the right "derives from the belief that respect for human dignity is best served by respect for individual freedom of choice." 369 F.Supp. at 235–236. See also United States v. Dougherty, 154 U.S.App.D.C. 76, 473 F.2d 1113, 1128 (1972).[13] Pro se representation may at times serve the ideal of a fair trial better than representation by an attorney. Also, the individual's freedom of choice and stake in the conduct of his own trial should, on occasion, prevail over society's generalized interest in the trial process. See Comment, supra note 11, at 1479, 1481. Nevertheless, the right is one that is typically not essential to a fair trial, and, indeed, is generally an obstacle thereto.

The deficiencies of pro se representation as a means of protecting "the integrity of the process," Mayberry v. Pennsylvania, 400 U.S. 455, 468, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), Burger, C. J., concurring, prompted the American Bar Association to recommend that the trial judge "consider the appointment of standby counsel to assist the defendant when called upon and to call the court's attention to matters favorable to the accused upon which the court should rule on its own motion." A.B.A. Project on Standards for Criminal Justice, Standards Relating to the Judge's Role in Dealing with Trial Disruptions, 11–12 (1971).[14] Such appointment of standby counsel was also recommended by Chief Justice Burger as a means of accommodating both the accused's desire to rep-

Moreover, in Singer v. United States, 380 U.S. 24, 34, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1965), the Court specifically noted that "the ability to waive a constitutional right [such as counsel] does not ordinarily carry with it the right to insist on the opposite of that right." We find Singer analogous since the right to counsel, like the right to jury trial, affects the fairness of the trial. See infra. But see Comment, id. at 1488–89. We are not persuaded by the reasoning of the cases finding a constitutional right to pro se representation and we decline to follow them.

13. A second basis is the need for confidence in the attorney-client relation. United States v. Dougherty, 154 U.S.App.D.C. 76, 473 F.2d 1113, 1128 (1972); United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965). See note 15 infra.

14. The Commentary to Standard C.3 ("Standby counsel for defendant representing himself") includes this language (p. 12):
"Even if the defendant is permitted to represent himself at the trial, in all but the simplest trials—and perhaps even in those if resources permit—it will be prudent for the trial judge to arrange for standby counsel to be present at all times. . . . [T]he presence of such counsel . . . may also serve to protect the rights of the accused, a matter of public interest even if the accused has rejected professional assistance. The experience of those judges who have appointed standby counsel is that the pro se defendant often discovers, early in the trial, the value of counsel and will consent to being represented by the standby."

resent himself and the public interest in the fairness of criminal trials. *Mayberry, supra* at 468, 91 S.Ct. 499. The vital role of counsel in protecting the rights of the accused, which is "a matter of public interest even if the accused has rejected professional assistance," A.B.A. Project, *supra* at 12, leads us to reject Soto's contention that the Sixth Amendment guarantees pro se representation.[15]

■ Since the right, though important, is only statutory, we conclude that it is waived if not asserted.[16] See *Dougherty, supra,* Adams, J., concurring, 473 F.2d at 1145; cases cited *supra* note 15; Williams v. United States, 389 F.2d 34 (2d Cir. 1967); 59 Calif.L. Rev. 1479, 1483 (1971). The trial judge is under no duty to advise any defendant that he may represent himself. Brown v. United States, 105 U.S.App.D.C. 77, 264 F.2d 363, 365–366 (1959). This conclusion obviates any need to reach the question of prejudice. We therefore hold that the trial court committed no error in failing to suggest pro se representation as an alternative to the appointed counsel with whom Soto expressed displeasure.

### III.

■ Movant also contends that it was error for the trial court to deny appointed counsel leave to withdraw without first asking Soto the reasons for his dissatisfaction with their representation. As the district court noted, Soto did not raise the issue of his dissatisfaction with counsel. Although he engaged in a colloquy with the court in which he amplified counsel's statement that he resented checking with them daily to determine the time for trial, Soto never offered any reasons for dissatisfaction in addition to those expressed by counsel. The record clearly indicates both that Soto could have raised such additional objections and that he was not reluctant to express his views to the trial court. *See* N.T. 3–9. On this record, we affirm the district court's holding that the obligation of the trial judge "to explore the sources of a defendant's dissatisfaction with counsel" was dis-

---

15. We are not alone in finding that a constitutional right to proceed pro se and a constitutional right to counsel are incompatible. The Ninth Circuit, which recognizes both rights, recently acknowledged that "it is manifest that any such two constitutional rights cannot actively co-exist." United States v. Dujanovich, 486 F.2d 182, 185 (1973). Because of the basic conflict between the two rights, especially given the standard for waiver of counsel, VonMoltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309 (1948), both the Second and Ninth Circuits have devised guidelines for trial judges who would otherwise be put in the position of laying "an appeal or a collateral attack by either a denial or a granting of the request" to proceed pro se. *Id.* 486 F.2d at 184. *See also* Meeks v. Craven, 482 F.2d 465, 467 (9th Cir. 1973); United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15–16 (2d Cir. 1965). For a graphic illustration of the difficulties posed by positing both rights as constitutional, see United States v. Rosenthal, 470 F.2d 837, 844–845 (2d Cir. 1972).

16. Even had we found the right to be constitutional, it would not follow that a defendant must be advised of it. See 369 F.Supp. at 236–238. *Cf.* Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), holding that the police need not advise that consent to a search may be withheld. The Court pointed out that "[a]lmost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial." 412 U.S. at 237, 93 S.Ct. at 2053. Since the value promoted by pro se representation is primarily one of free choice, rather than the conduct of a trial fair to the defendant, see *Dougherty, supra,* 473 F.2d at 1128, the knowing waiver standard would not apply under *Schneckloth.* It is true that *Plattner, supra,* recognized a subsidiary, trial-related function of the pro se right in recognizing that defense by counsel in whom defendant has no confidence may be less effective than lay defense, but in light of the reasoning of the right to counsel cases (see page 1343 above), this function may be of doubtful importance. *See also* 369 F.Supp. at 235 n. 7. *But see* Comment, note 11, *supra* at 1481, 1489.

 

charged. 369 F.Supp. at 239. *See also* United States v. Young, 482 F.2d 993 (5th Cir. 1973); United States v. Morrissey, 461 F.2d 666 (2d Cir. 1972).

### IV.

■ Finally, we consider Soto's claim that his expression of dissatisfaction with appointed counsel obligated the trial court to declare, *sua sponte*, a continuance to enable Soto to obtain other counsel or to prepare his own defense.

■ Counsel described a slow deterioration in their relation with Soto that culminated in their motion for leave to withdraw. A week before the case was called for trial, Soto had complained about their conduct of his case to Puerto Rican fraternal and social agencies. *See* note 7, *supra*. Yet, by the day of trial, Soto had made "no arrangements" to procure other counsel, though he had ample time to do so. McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791 (1965); *cf.* United States v. McMann, 386 F.2d 611 (2d Cir. 1967). Moreover, there are strong indications in the record that Soto would have opposed a continuance. He had, for example, expressed great resentment over the inconvenience caused by holding himself available to go to trial on short notice. N.T. 5. He waived a jury and requested that his trial proceed immediately after the court's ruling on counsel's motion to withdraw, apparently because he was eager to conclude the matter. N.T. 12. Thus, Soto not only failed to request a continuance, he also encouraged expediting the trial. These facts do not suggest that the trial court abused its considerable discretion in refusing to discharge counsel and proceeding directly to trial. United States v. Price, 474 F.2d 1223, 1226 (9th Cir. 1973); United States ex rel. Maldonado v. Denno, 348 F.2d 12, 16 (2d Cir. 1965); Juelich v. United States, 342 F.2d 29, 32, and cases

cited n. 5 (5th Cir. 1965). Soto suggests that the district court improperly required that "good cause" be shown before a defendant is entitled to substitution of counsel. Although such a requirement might not be necessary in all circumstances, it certainly appears proper where, as here, no request for either substitute counsel or a continuance was made and no objection to counsel was expressed to the court prior to the day the trial started.[17]

For the foregoing reasons, the judgment of the district court, denying Soto's motion under 28 U.S.C. § 2255, will be affirmed.

---

17. Soto does not contend that his reluctance to cooperate with appointed counsel, motion for leave to withdraw, par. 8, constituted the "good cause" sufficient to require a substitution of counsel. We note that both United States v. Pomeroy, 485 F.2d 272 (9th Cir. 1973), and United States v. Young, 482 F.2d 993 (5th Cir. 1973), suggest that such "good cause" requires the existence of an "irreconcilable conflict."