**UNITED STATES of America**

v.

**Ernest MALIZIA, Defendant.**

**No. S 75 Cr. 687.**

United States District Court, S. D. New York.

Sept. 19, 1977.

See also, 429 F.Supp. 492.

---

Robert B. Fiske, Jr., U.S. Atty., Federico E. Virella, Jr., Asst. U.S. Atty., New York City, of counsel, for the Government.

J. Jeffrey Weisenfeld, New York City, for defendant.

IRVING BEN COOPER, District Judge.

Defendant Malizia has moved pursuant to Rule 33 of the Federal Rules of Criminal Procedure for an order vacating and setting aside the judgment entered against him and granting a new trial. For the reasons set forth below, the motion is denied in its entirety.

Following a jury trial of eleven days, defendant was found guilty of conspiring to distribute narcotic drug controlled substances in violation of Title 21, U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). On June 15, 1977, we sentenced Malizia to 15 years imprisonment to run consecutively with any other sentences imposed upon him anywhere prior to that date,[1] and in addition a $25,000 committed fine; we included special parole of six (6) years.

The proof at trial revealed defendant to be an active member of an involved heroin distribution network in the New York metropolitan area during 1973–74. He was a middleman in this massive conspiracy to distribute heroin in return for hundreds of thousands of dollars in cash. As we stated at the time sentence was imposed:

> We have presided over trials involving the sale of substantial quantities of narcotics. Never, however, on a scale as extraordinary as this with its enormous quantities of heroin bought and sold on an almost daily basis. The activities of this group emphasize the overlords and regimental tiers of operation, all governed by tight maneuvers and bold enough to successfully avoid governmental detection of which they were constantly apprehensive and aware. Nor have the important operational details of their cruel enterprise come to light even at this late date.

> Let's face it. So inhuman, ruthless and cold blooded was their approach to the execution of their nefarious schemes that we sat aghast at the unfolding of the enormity of their horrifying indifference to life's values.

> The holocaust of misery, the dreadful terminus of life for legions following the vast narcotic operations revealed herein too horrifying even to contemplate. [*USA v. Malizia,* sentencing minutes at pp. 46–47, June 15, 1977]

Defendant's instant motion is premised on two grounds: selective prosecution and denial of his right of self-representation. As readily appears, both grounds are without merit.

In *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir. 1974), our Circuit had occasion to examine the issue of selective or discriminatory prosecution:

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie,* (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i. e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

Defense counsel asserts that "defendant has been a victim of selective and discriminatory prosecution by the United States Attorney for the Southern District of New York." [Affidavit of J. Jeffrey Weisenfeld, Esq., sworn to June 17, 1977, par. 5] He further states that "there is a policy of the United States Attorney or the Department of Justice not to prosecute an individual on

---

1. Malizia had previously been sentenced by Judge Motley in March 1974 to ten years upon a conviction for possession and distribution of cocaine. Further, he was on May 24, 1977 sentenced to five years (consecutively) by Judge Werker upon a guilty plea for escape from federal detention.

charges where there has been a prior disposition in a state court or other jurisdiction concerning the same facts or circumstances." [Affid., par. 7] Accordingly, counsel reasons that from the fact that defendant pleaded guilty to state narcotics charges "involving acts that were a part of the conspiracy . . . herein" [par. 8], he is a victim of selective or discriminatory prosecution. This argument is without merit.

In the first place, we are informed that it is not the policy of either the United States Attorney for the Southern District of New York or of the Department of Justice to dispense with prosecution upon a disposition against a defendant in state court on similar charges. [Affidavit of Assistant U.S. Attorney Federico E. Virella, Jr., sworn to August 8, 1977, pars. 3, 5, 6] The actual and correct policy statement is that:

> No Federal case should be tried when there has been a state prosecution for substantially the same act or acts without a recommendation having been made to the Assistant Attorney General demonstrating compelling Federal interests for prosecution. No such recommendation may be approved by the Assistant Attorney General without having it first brought to the attention of the Attorney General. . . . Note that approval of the action of the United States Attorney subsequent to the dual prosecution constitutes compliance. [United States Attorney Manual, 9–2.142 (January 10, 1977)]

The facts of the present case indicate that the Government did indeed conform with the above-stated policy: Approval for the prosecution of this defendant was sought on June 24, 1977 and the Attorney General and Assistant Attorney General approved the request on August 8, 1977. [Virella affid., par. 5] Therefore, defendant has failed to satisfy the first requirement of the *Berrios* two-prong test, for no discrimination or selective prosecution has been established.

■ Furthermore, defendant has offered no evidence that his prosecution was based upon impermissible considerations, i. e., race, religion or the desire to prevent the exercise of constitutional rights. See *United States v. Oaks*, 527 F.2d 937 (9th Cir. 1975); *United States v. Ahmad*, 347 F.Supp. 912 (M.D.Pa.1972), aff'd *sub. nom., United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973). Such an impermissible consideration by the Government is an essential element of a *prima facie* case of selective or discriminatory prosecution. Mere "conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962); *United States v. Berrios, supra.*

■ We find that the Government decision to prosecute Malizia after his guilty plea in state court was not arbitrary or unconstitutional. Over and over again the evidence at trial showed that defendant was a dealer in massive amounts of heroin. His operations were extensive and of long duration, involving a well-established network of suppliers, middlemen and street dealers. Defendant's disrespect for the law, the misery his machinations inflicted upon the public, and his attempts to evade prosecution were all flagrant.[2]

■ Defendant's next argument to set aside the judgment and for a new trial is based upon the Court's denial of his motion during trial to conduct his own defense. As readily appears this motion is entirely without merit and is denied.

Title 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are per-

---

2. Two particular instances bear mention here. First, Malizia escaped from federal custody in September 1974 in a successful plan which included the bribing of a priest and a prison guard. Malizia pled guilty before Judge Werker of this Court (74 Cr. 1018) and was sentenced to five years to run consecutively with the ten year sentence previously imposed by Judge Motley. Second, Malizia was found guilty after a trial to the Court (Pollack, J.) (77 Cr. 402) on a charge of assault on a federal reservation: on May 2, 1977 he had viciously attacked his lawyer during his trial before us.

mitted to manage and conduct causes therein.

It is well established that the right of a defendant in a criminal case to represent himself is unqualified if invoked prior to the commencement of trial. *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 15 (2d Cir. 1965); see also, *United States v. Plattner*, 330 F.2d 271, 273 (2d Cir. 1964); *United States v. Bentvena*, 319 F.2d 916, 938 (2d Cir.), *cert. denied, Ormento v. United States*, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963).

In the present case, however, the request by Malizia to represent himself occurred *after* the trial had commenced; indeed, defendant moved on the fourth day of trial. [Tr.[3] 518] Accordingly, the appropriate rule on the question of a criminal defendant's right of self-representation upon motion made after the commencement of trial is that enunciated in *United States ex rel. Maldonado v. Denno, supra*, at 15:

> Once the trial has begun with the defendant represented by counsel . . . *his right thereafter to discharge his lawyer, and to represent himself is sharply curtailed. There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress*, with considerable weight being given to the trial judge's assessment of this balance. (emphasis added)

Defendant argues that "the choice of representation is for the defendant personally." [Weisenfeld affid., ¶ 15] *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). On the facts presented herein, defendant's reliance upon *Faretta v. California, supra*, is misplaced. As the Second Circuit noted recently: "The recent Supreme Court decision, *Faretta v. California*, . . . casts no pall on our *Maldonado* ruling. *Faretta does not involve motions made after the commencement of trial* . . . .." *Sapienza v. Vincent*, 534 F.2d 1007, 1010 (2d Cir. 1976) (emphasis added). Thus, *Faretta v. California*, which expresses a defendant's absolute right of self-repre-

sentation on motion made prior to trial is inapposite here.

Confronted with defendant's mid-trial request to represent himself (Tr. 512), we were duty bound, and did, conduct an extensive hearing to determine whether "the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress . . . .." *United States ex rel. Maldonado v. Denno, supra* at 15. Defendant contends that the hearing "was insufficient and the decision improper as a matter of law." [Weisenfeld affid., ¶ 15] We disagree.

After conducting a full and complete hearing into defendant's background, education and employment experience (Tr. 546–47), we found that defendant was ignorant, offensive in manner and deportment and incapable of pursuing his own defense without severely prejudicing himself; that defendant's conduct throughout the trial was deliberately disruptive; that the attempt to dismiss his counsel was merely a tactic to manipulate the record for purposes of appeal; that counsel was an able, resourceful and determined representative of defendant. [Tr. 553–57]

We find that the hearing on defendant's mid-trial motion to represent himself was complete and adequate to protect his constitutional rights, and in conformity with prior decisions of this Circuit. See *United States ex rel. Maldonado v. Denno, supra*. There is sufficient basis in the trial record to establish that the prejudice to defendant's interests which would have occurred if he were allowed to represent himself outweighed his *qualified right* so to do. *Id.* The denial of defendant's mid-trial motion to represent himself was a proper exercise of judicial discretion which we will not disturb.

Defendant's motion is denied in its entirety.

SO ORDERED.

---

**3.** "Tr." followed by a number indicates a citation to the official trial transcript.