In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00056-CR


______________________________




LEMARVIN DEAN GROSS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Third Judicial District Court


Anderson County, Texas


Trial Court No. 27197




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 The guilt (1) of LeMarvin Dean Gross had been adjudicated (2) for almost six months. His
subsequent punishment hearing (3) was almost complete, lacking only sentencing by the trial court. 
Just before he was sentenced, Gross for the first time told the trial court he wanted to represent
himself at that hearing. Gross' appeal asserts only that the trial court erroneously denied Gross' right
to represent himself. 

 We affirm the judgment of the trial court because Gross' assertion of the right to represent
himself was untimely.

 The Sixth Amendment to the United States Constitution guarantees a defendant the right to
self-representation in a criminal trial. Faretta v. California, 422 U.S. 806, 807, 817-18, & 829-30
(1975); see also McKaskle v. Wiggins, 465 U.S. 168, 170 (1984). This is true despite the high
probability that, as one federal appellate court has noted, "pro se representation is usually inadequate
and often unconducive to the orderly administration of a criminal trial." United States v. Price, 474
F.2d 1223, 1227 (9th Cir. 1973). A trial court may not deny an accused the right to self-representation merely on the basis that the accused lacks expertise in the law or professional
capabilities. Id. Instead, the only proper inquiry for the court to make is whether the defendant has
the capacity to assert such a right. Faretta, 422 U.S. at 835-36.

 Nevertheless, the right to self-representation must be made in a timely manner. McDuff v.
State, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997). Generally, the assertion of one's right to self-representation must occur before a jury is empaneled. Id.; Ex parte Winton, 837 S.W.2d 134, 135
(Tex. Crim. App. 1992); see generally Chapman v. United States, 553 F.2d 886, 894 (5th Cir. 1977)
(right to self-representation asserted before jury empaneled); Price, 474 F.2d at 1227 (right to self-representation asserted before jury selection); United States v. Dougherty, 473 F.2d 1113, 1124 (D.C.
Cir. 1972) (acknowledging trial court has discretion to permit self-representation if not asserted until
after trial has begun); United States ex rel. Maldonado v. Denno, 348 F.2d 12, 16 (2d Cir. 1965)
(right to self-representation asserted before jury selection). "Once the right has been asserted, the
trial judge is obliged to make the accused aware of the consequences of self-representation." Winton,
837 S.W.2d at 135 (citing Blankenship v. State, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984)); see
also Faretta, 422 U.S. at 835. If, after receiving the appropriate admonishments regarding the
consequences of self-representation, the accused continues to assert the desire for self-representation,
then the court must allow the accused to proceed as long as the assertion of the right to self-representation "is unconditional and not asserted to disrupt or delay the proceedings." Winton, 837
S.W.2d at 135 (citing Blankenship, 673 S.W.2d at 585); see also Faretta, 422 U.S. at 835-36;
Maldonado, 348 F.2d at 16 (trial court could have exercised discretion in denying defense
continuance on day of trial, insisting on proceeding with trial, even after granting accused permission
to self-represent).

 An accused's assertion of the right to self-representation must also be unequivocal. 
Maldonado, 348 F.2d at 15-16 (noting codefendant's failure to assert self-representation right
unequivocally). If the attempted exercise can, at best, be characterized as equivocal (or if the
assertion of the right to self-representation is later withdrawn), then the accused's assertion of the
right to self-representation will be deemed inadequate under appellate scrutiny. See, e.g.,
Funderburg v. State, 717 S.W.2d 637, 642-43 (Tex. Crim. App. 1986) (assertion of right to self-representation withdrawn on date of trial); DeGroot v. State, 24 S.W.3d 456, 457 (Tex.
App.--Corpus Christi 2000, no pet.). Moreover, the accused's assertion of the right to self-representation cannot be exercised merely to delay the orderly procedure of the courts or to interfere
with the fair administration of justice. DeGroot, 24 S.W.3d at 457; Birdwell v. State, 10 S.W.3d 74,
77 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd); cf. Thomas v. State, 550 S.W.2d 64, 68 (Tex.
Crim. App. 1977) (discussing impropriety of substituting retained counsel for appointed counsel for
purposes of delaying administration of justice).

 If an accused waits to assert his or her right to self-representation until the punishment
portion of a trial, such a request for self-representation comes too late, even if a dispute has suddenly
arisen between the accused and defense counsel concerning appropriate trial strategy. McDuff, 939
S.W.2d at 619.

 In the case now before this Court, Gross' appointed counsel filed a motion to withdraw
shortly before the beginning of the December 13, 2006, punishment hearing. That motion did not
raise Gross' right to represent himself. The trial court had revoked Gross' community supervision
nearly six months earlier. At this December punishment hearing, Gross asked the trial court to let
his appointed counsel withdraw from representing him. Gross explained that a conflict had arisen
with the appointed counsel; Gross did not, at that time, mention to the trial court that he wished to
represent himself. The trial court ultimately denied defense counsel's motion to withdraw and then
heard arguments concerning punishment in the case. At the conclusion of arguments, the following
exchange occurred:

 THE COURT: I'm not going to grant him [defense counsel] a motion to
withdraw or you [Gross] a motion to have him withdraw today. We've come a long
way and we've had delays and we've had this. And as far as I know, the only thing
remaining today is for me to sentence you anywhere from 5 to 99 years or life and a
fine up to 10,000 dollars.


 Anything else you want to say? I'll mark this [exhibit handed to the judge by
Gross] as D-1.


 [Gross]: Judge, I'd like to represent myself.

 

 THE COURT: You're going to represent yourself on appeal?

 

 [Gross]: Sir?

 

 THE COURT: You want to handle your own appeal?

 

 [Gross]: This case here.

 

 THE COURT: Sir, we're here. There's no more evidence that's going to be
received or offered.

 

 [Gross]: Because me and Mr. Cargill, we had a misunderstanding and I want
to file a complaint to the State Bar.

 

 THE COURT: Well, I don't see that he has done anything wrong. Again, he's
here today, I'm here today, and it's a simple matter. So if you have anything else you
want to say.

 

 [Gross]: No, sir.


The trial court then sentenced Gross to ninety years' imprisonment for attempted murder and ten
years' imprisonment for possessing a firearm while a felon. 

 The record before us is clear: Gross waited until after the initial guilty plea hearing (at which
he was placed on deferred adjudication community supervision), the subsequent adjudication
hearing, his adjudication of guilt, the passing of almost six months more, and almost all of the
sentencing hearing, before he first asserted his desire to represent himself. Gross' decision to wait
until mere seconds before the trial court was to pronounce sentence comes much too late in the
proceedings. If he truly wished to represent himself, he should have asserted that right earlier.

 Because Gross failed to timely assert his desire to represent himself in this case, we cannot
say the trial court erred by denying his request.

 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 15, 2007

Date Decided: September 4, 2007


Do Not Publish
1. In 2005, LeMarvin Dean Gross pled guilty to charges of attempted murder and felon in
possession of a firearm. See Tex. Penal Code Ann. § 15.01 (Vernon 2003) (criminal attempt),
§ 19.02 (Vernon 2003) (murder), § 46.04 (Vernon Supp. 2006) (unlawful possession of firearm by
felon). Gross also admitted that he had been previously and finally convicted of a felony offense. 
See Tex. Penal Code Ann. § 12.42 (Vernon Supp. 2006) (enhanced penalties for persons
previously convicted of felony offense). Pursuant to a negotiated plea agreement, the trial court
accepted Gross' guilty plea, but the court deferred a finding of guilt and released Gross to community
supervision for a period of ten years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon
2006) (deferred community supervision).
2. In 2006, the State sought to adjudicate Gross' guilt. The trial court conducted a hearing on
the State's motion June 21, 2006. At the conclusion of the hearing, the trial court granted the State's
motion and formally held Gross guilty of the original charges. 
3. For varying reasons, Gross' punishment trial was postponed until December 13, 2006. The
trial court ultimately sentenced Gross to ninety years' imprisonment for the attempted murder
conviction and ten years' imprisonment for Gross' conviction for unlawfully possessing a firearm.